## Crutcher v. Wilson et al.

March 21, 1939.

W. J. Baxter, Judge.

500

ROSS & ROSS & BAYER and L. M. OLIVER for appellant.

D. ANDREW SHEARARD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

The appellant and plaintiff below, Mrs. Lorena N. Crutcher, filed this ordinary action in the Madison circuit court against the appellees and defendants below, seeking to recover from them $1,000 as damages which she claims to have sustained because of an alleged breach by defendants of a lease contract whereby plaintiff was deprived of the possession of certain premises theretofore leased to her by some of them and in which she operated a beauty shop. Her petition alleged that defendants, E. H. Farris and wife, operated a hotel in the city of Berea and that she, "prior to January 4, 1937, by and through her agent, the defendant Bernice Wilson," rented and leased from Farris and wife and from the defendant, J. Harold Hine (who was the man-

ager of the hotel business), a compartment for the operation of a beauty shop; that defendants—other than Bernice Wilson—agreed to furnish the necessary wiring and electricity for the operation of the beauty shop in the compartment rented from them by plaintiff, and that she was to pay therefor the sum of $25 per month. She then averred that prior to, or contemporaneously with, the renting of the premises she agreed with the defendant, Bernice Wilson, for the latter to operate the beauty shop, for which services she was to receive one-half of the net profits after deducting the rent agreed to be paid by plaintiff, and that pursuant thereto they conducted the business in the rented premises until September 4, 1937; that at that time she tendered to lessors another month's rental, which they declined to receive, but instead they cut off the electrical current from the rented compartment or room and thereby forced plaintiff to abandon it, which she did, and moved her beauty shop into other premises less equipped for the purpose, and with far less advantageous location, whereby she sustained the larger part of the damages for which she sought judgment.

In another paragraph she averred that after she vacated the rented premises defendants installed a beauty shop therein and adopted the trade name "Hollywood Beauty Parlor," the same as the one adopted by plaintiff before she was forced out of possession of the leased premises in the manner indicated; but she fixed no specific amount of damages for that alleged tort. Without charging any conspiracy among the defendants, plaintiff, nevertheless, joined Bernice Wilson as a defendant and sought judgment against her, along with her co-defendants, the latter of whom were the lessors. The petition did not even charge that Bernice Wilson was employed in or in any wise connected with the operation of the beauty shop installed by the lessors after plaintiff abandoned the premises. In other words, no grounds of relief against Bernice Wilson whatever were averred by plaintiff in her petition. Defendants filed a special demurrer to the petition which, as we gather, was based upon the ground (whether correctly or incorrectly) of a wrongful joining of Bernice Wilson as a defendant; but, whatever the grounds were, the court sustained it—whereupon plaintiff dismissed her action as to her, followed by the remaining defendants' demurrer being sustained, and upon plaintiff declining to amend, her

petition was dismissed, to reverse which she prosecutes this appeal.

The court in its order sustaining the demurrer to the petition assigned no reason therefor, nor was any opinion filed at or prior to its entry; but it is stated in brief that the trial judge in his verbal comments made at the time assigned as a reason that the petition failed to aver plaintiff's right under her contract to any future occupation of the rented premises following the alleged breach complained of, and which we think was and is sound. Section 90 of our Civil Code of Practice says: "The petition must state facts which constitute a cause of action in favor of the plaintiff against the defendant." In the notes to that section the substance of this court's interpretation of the Code requirement, necessary to a good petition, is thus stated by the compilers thereof: "The petition must state in ordinary and concise language the facts constituting the cause of action, and every fact necessary to enable the plaintiff to recover must be alleged, and every essential averment required to make a declaration good at common law must be stated. The facts must be so alleged as to enable the opposite party to know what is meant to be proved, and also that an issue may be formed in regard to the subject-matter in dispute and to enable the court to pronounce the law upon the facts as stated." A number of domestic cases are cited in support thereof, and the interpretation therein made is the undeviating one applied under our Code system.

It will be observed that it is necessary that "every essential averment required to make a declaration (petition) good at common law must be stated." We have been unable to find any better statement of the common law requisites for a good declaration, complaint, or petition than is stated in 49 C. J. 132, section 140, in this language: "It is, of course, necessary that a declaration, complaint, or petition shall show the existence of a cause of action in favor of plaintiff against defendant, by disclosing the existence of a right in plaintiff and an infringement of that right by defendant, entitling plaintiff to relief as of the time of the filing of the complaint." Further along in the same section it is said: "It must be made to appear that the cause of action had accrued to plaintiff at the time the action was commenced." To the same effect is the text in 21 R. C. L. page 482, section 46, and page 493, section 57, and those

statements of the common law requirements are similar to those contained in all other texts upon the subject and approved by all courts. Of course, as is later pointed out in the cited texts, the pleader in preparing the initial complaint, declaration or petition for the institution of an action in court need not anticipate and negative defenses that might be available to the defendant, if he saw proper to rely thereon (of which there are many), but the essential requirement is, that such initial pleading must state facts—either expressly or by necessary implication—showing the existence of a right in plaintiff *at the time* of the commission of the act by defendant of which he complains, and that the defendant's act deprived him of that right, so as to manifest a prima facie case from a mere inspection of the pleading. With such rules in mind we will now return to an examination of plaintiff's petition in this case, with the view of determining whether or not her petition measured up to the requirements hereinbefore outlined, even as measured by the modifications of our Civil Code of Practice, but which did not, as we have seen, alter or modify the common law requirements, in the respects indicated.

The chief cause of complaint (and the only one for which any specific amount of damage was averred) is the act of the lessor defendants in refusing to accept plaintiff's tender of rent for an additional month, and to thereby recognize her right to continued occupation of the rented premises. But it will be observed that she nowhere averred, either expressly or by necessary implication, any right on her part issuing from her rental contract to continue to occupy the premises for any future time upon the payment of the agreed rental. In other words, she nowhere averred that her contract of rental extended beyond the time for which the rental was paid (up to September 4, 1937), or that she had any right to continue it by paying or offering to pay for any longer time. For aught that appears from the averments of the petition her contract of rental may have expired at the end of September 3, 1937, by virtue of a fixed period of tenancy at the time of entering into the lease. If her pleading had anywhere stated that she had rented the premises for one year following its commencement on January 4, 1937, and that the acts of which she complained were committed by defendant during that period, the requirements of the law as set out supra, would have been met, although she may not have

expressly averred that at the time her contract of rental was in force and effect and that she had the right to continue her occupancy until the expiration of her term. But no measured term of any duration whatever is made in the petition, and, therefore, her right to complain of the alleged breach by defendant is clearly not averred, either in express language, or by necessary implication.

The petition in its essence complains of a wrongful termination of plaintiff's lease by her lessors, whereby she sustained the damages sued for, but she nowhere averred that her lease extended beyond the period when defendants acted in the manner stated, and, therefore, she failed in manifesting that there was any remnant of the period of her lease which she lost and of which she was deprived by such complained of action on the part of her lessors.

The case of Transylvania Casualty Company v. Williams, 209 Ky. 626, 273 S. W. 536, was an action against the Casualty Company on a policy of insurance. The petition nowhere alleged, either expressly or by necessary implication, that the policy sued on was in force at the time of the accident, and we held that because of such failure the petition was demurrable in that plaintiff failed to aver that any contractual right had been violated. So, in this case plaintiff failed to point out in any manner that she possessed any contractual right against the commission of the acts complained of as committed by her lessors at the time they committed them, and which clearly rendered her petition insufficient. If it could be gleaned from the averments of the petition that the plaintiff at the time the acts complained of were committed by defendants had the right under her contract to continue to occupy the premises for additional time in the future, and that she was deprived of such future occupancy by the alleged wrongs of defendants, then a different state of case would be presented, but nothing of the kind appears in the petition, and for which reason we unhesitatingly conclude that the court correctly held it to be insufficient.

But it might be insisted that, although plaintiff failed to properly state a cause of action as based on her rental contract, yet she stated a cause of action for a tort against her lessors, based on their wrongful appropriation of her trade name in the operation of the beauty shop that they later installed in the same prem-

ises. However, we have hereinbefore pointed out that no specific amount of damage was averred as resulting from that alleged tort, and the effort of plaintiff to join that action with the ex contractu one set up in the first part of her petition was clearly a misjoinder under section 83 of our Civil Code of Practice—as well as at the common law—and because of which she could have been required to elect if proper procedure had been taken for that purpose. But it is doubtful if her complaint—sounding in tort—itself states a cause of action, since we are not altogether convinced that the trade name "Hollywood Beauty Parlor" may be appropriated to the exclusion of the right of others to appropriate the same name so as to constitute a cause of action against the alleged misappropriator. Plaintiff's petition, however, clearly stated a right of action ex contractu, if the omission referred to had been supplied therein, but its absence rendered the petition bad.

Wherefore, for the reasons stated, the judgment is affirmed.