## Transylvania Casualty Insurance Company & William Joshlin v. Gipsy Williams, by her Next Friend, Everett Williams.

(Decided June 16, 1925.)

### Appeal from Franklin Circuit Court.

1. Insurance—Policy Limiting Liability to Actual Loss From Claims for Damages Construed According to Terms.—Policy Indemnifying against loss resulting from claims for damages for bodily injuries, not against mere liability for loss, must be construed according to its terms, without enlargement or restriction; subject matter being one as to which parties had right to so contract.

2. Insurance—Party Recovering Judgment Against Insured, who Never Paid it, Held Not Entitled to Recover Amount from Insurer.—Under policy indemnifying "against loss arising or resulting from claims for damages on account of bodily injuries," one recovering judgment against insured, who was insolvent and never paid any of judgment, could not recover amount thereof from insurer, in absence of statute so providing, policy indemni-

fying against actual loss sustained by insured only, not against
liability for loss.

3. Pleading—Presumption that Indemnity Policy, Not Alleged to
have Been in Effect at Time of Injury, had Expired or was In-
operative at Such Time.—As pleading must be construed strongest
against pleader, petition not alleging that policy, indemnifying
insured against loss resulting from claims for damages for bodily
injuries, was in force at time of injury to plaintiff, suing insurer
for amount of judgment against insured, gives rise to presumption
that policy had expired or was inoperative as to insured at such
time.

POLK SOUTH, JR., and JOHN P. HASWELL for appellants.

T. L. EDELEN and GUY H. BRIGGS for appellee.

Opinion of the Court by Judge Sampson—Revers-
ing.

Appellee, Gypsy Williams, a girl less than twenty-
one years of age, suing by her next friend, recovered a
judgment in the Franklin circuit court against appellant,
Joshlin, for an accidental injury suffered by her through
the negligent operation of an automobile by Joshlin who
was carrying indemnity insurance with appellant, Tran-
sylvania Casualty Insurance Company, and when execu-
tion issued pursuant to that judgment was returned "no
property found," instituted this equitable action in the
Franklin circuit court against appellants, Joshlin and the
Transylvania Casualty Insurance Company, praying to
be substituted to the rights of Joshlin as against the
Transylvania Casualty Insurance Company to the extent
of the judgment for $1,800.00 recovered by her against
Joshlin in the personal injury suit on the ground that
Joshlin is insolvent, and the casualty insurance carried
by him was for the use and benefit of persons suffering
damages through his negligence, including appellee. The
Transylvania Casualty Insurance Company issued to
Joshlin before the accidental injury to appellee, Williams,
its policy of casualty insurance by which it agreed to in-
demnify him, the said Joshlin, against loss arising or
resulting from claims upon him for damages on account
of bodily injuries accidentally suffered, or alleged to have
been suffered by any person or persons, not in the employ
of Joshlin.

To the petition was attached a copy of the policy of
casualty insurance issued by the Transylvania Casualty

Insurance Company to appellant, Joshlin, with the name and date and amount omitted. A general demurrer was interposed to the petition and overruled by the court. When the defendants, Joshlin and the Translyvania Casualty Insurance Company, declined to plead further, judgment was entered substituting appellee, Gypsy Williams, by, etc., to the rights of Joshlin against the Transylvania Casualty Company and adjudging she recover of the insurance company the amount of the judgment in her favor against Joshlin for $1,800.00, with interest from its date, April 30, 1923, and the cost of the original action, $62.70, and also her cost incurred in the present action. From this judgment both Joshlin and the Transylvania Casualty Insurance Company appeal.

Appellants earnestly insist that the general demurrer to the petition should have been sustained. In support of this assertion appellants say that the petition does not allege there was any consideration flowing from appellee, Williams, by, etc., to the Transylvania Casualty Insurance Company for the execution and delivery of the policy; and further that it is not averred in the petition that the policy of insurance alleged to have been issued to Joshlin was in force and effect at the time appellee, Gypsy Williams, was injured; that it is not alleged that Joshlin was indemnified in any certain amount or that the amount for which he is alleged to be indemnified is in excess of the judgment obtained. For these reasons it is said in brief of appellant that appellee, Williams, cannot maintain a suit of this nature in Kentucky or in any other state of the Union except where there is a special statute permitting it to be done. In support of this last statement appellants cite the case of Fidelity & Casualty Company v. Martin, 163 Ky. 12, as conclusive of the question.

For appellee, Gypsy Williams, it is said that there is a distinction between the terms of the contract in the Martin case, *supra,* and the case at bar, for which reason the rule announced in that case has no application to the present case; that an indemnity company which contracts for the right to control any litigation for accidents, for which it is responsible and acquires the exclusive right to control such litigation, is bound by the judgment; that the expression "loss actually sustained," as employed in the policy, is fulfilled and satisfied when a good faith judgment is obtained in a court of competent jurisdiction

against the insured upon a cause for which the insurer is liable.

The opinion in the case of Fidelity Casualty Co. v. Martin, to which we have referred, seems to have application to the facts of this case and to cover practically every phase of it. There is, however, some distinction between the language employed in the contract of insurance in the Martin case and the instant case. The policy in the Martin case provided "no action shall be brought against the company under and by reason of this policy unless it shall be brought by the assured for a loss, defined hereunder, after final judgment has been rendered in a suit, described hereunder, and within two years from the date of such judgment, to-wit, for a loss that the assured has actually sustained by the assured's payment in money, (a) of a final judgment rendered, after a trial in a suit against the assured."

The policy in this case provides: "In consideration of the premiums and of the statements specified herein, the Transylvania Casualty Insurance Company hereby *agrees to indemnify the assured,* designated herein, against *loss arising or resulting from claims* upon the assured for damages on account of bodily injuries accidentally suffered or alleged to have been suffered by any persons not in the employ of the assured, while this policy is in force, including death resulting at any time therefrom by reason of the ownership, maintenance or use (including loading and unloading) of any of the automobiles described herein, within the limits of the United States and Canada, subject to the following limitations." The limitations follow and fix the highest amount for the death of a single individual at $5,000.00, and damage to property of others at $1,000.00.

It will be observed from a glance at the foregoing copy of the provisions of the present policy that only Joshlin was insured, that is, he alone was indemnified against *"loss arising or resulting* from claims for damages on account of bodily injuries actually suffered,"* etc. Not only that, but he was indemnified only against *loss* and not against *liability for loss.* In the case of Ford v. Aetna Life Insurance Co., 70 Wash. 20, 126 Pac. 69, it is said:

"'The policy indemnifies against loss and not against liability.' It seems quite clear that the lia-

bility in clause D for loss 'actually sustained and paid in money by him after actual trial of the issues,' is not enlarged or changed by the stipulations in the preceding clauses, but that a compliance with its terms is made a condition precedent to any right of action on the policy. In short, the policy is one of indemnity against *loss actually sustained* and paid in money by the assured, without regard to who assumes the defense.''

Supporting this doctrine are collected a great number of cases from different states of the union, some of which are referred to in case notes in 59 L. R. A. 58; 30 L. R. A. (N. S.) 1224; 11 L. R. A. (N. S.) 1115.

The contract must be construed according to its terms. Its terms must not be enlarged or restricted. The subject matter was one about which the parties had the right to contract and to limit their liability, and they are not bound otherwise than by the terms of the contract. With this in mind, it is evident to us that the insurance company did not agree to indemnify appellant Joshlin against *liability for loss* but only *against loss actually sustained* on account of bodily injury suffered, etc. The petition avers that appellant, Joshlin, is insolvent and that an execution issued against him on the judgment in favor of appellee, Williams, had been returned ''no property found;'' that no part of the judgment had been paid to appellee by appellant, Joshlin, and that no part of it can be realized by her from him. Manifestly, from these facts Joshlin has not sustained a loss arising or resulting from claims upon him for damages on account of bodily injuries accidentally suffered by another through the operation of his automobile. He had not paid or lost a cent as is shown by the averments of the petition. No loss had been sustained. Had he paid the judgment against him he would have been entitled to reimbursement by the casualty company, but he has not paid the judgment and has not attempted to require the appellant company to satisfy the judgment against him. In fact, he is in no position to ask, if he wanted to, that such payment be made until he has satisfied the judgment or has suffered a loss arising in the way specified in the policy. In the case of Fidelity & Casualty Company v. Martin, *supra,* it was contended that the recovery of the judgment by the victim of the automobile accident against the owner of the automobile who carried indemnity insurance ''was a loss

actually sustained by the assured within the meaning of the policy for which the casualty company became liable without the payment of the judgment by the assured." After quoting the clause of the policy providing that the casualty company shall not be liable except after judgment, and then only for the loss which the assured "has actually sustained by the assured's payment in money of the final judgment rendered after trial in suit against the assured," we said:

"The policy is one of indemnity against loss actually sustained and paid in money by the assured, without regard to who assumes the defense or whether it is successfully or unsuccessfully made. In the preceding clauses, A and E, the appellant reserved the privilege and assumed the obligation of defending or settling claims for damages covered by the policy, and the assured undertook to furnish all needful assistance in making a defense and agreed that he would not voluntarily assume any liability, interfere in any negotiations or legal proceedings that might be conducted by appellant on account of any claim for such damages, nor settle such claim at his own cost without written consent of appellant. But there is nothing in any provision of clauses A and E which actually or by implication declares that in the event such defense as appellant might make to an action brought against the assured for damages should be unsuccessful, it would pay the judgment. The question of payment is confined to and provided for in clause K. It would, therefore, seem to follow that the fact that appellant made defense for the assured or his administrator in the action for damages brought by appellee, did not estop it from denying liability under its policy in the present action. The right to defend being given appellant by the policy, we must suppose that the burden of making the defense was assumed for the reason that the award to be male in that action might finally be the measure of appellant's own responsibility. And, indeed, would have been, if the administrator of the assured had, as provided by clause K, paid the judgment recovered against him by appellee. But, in view of the provisions of the policy to the contrary, the act of appellant in defending the action for damages in behalf of the

assured or his administrator, was not an agreement and did not constitute an undertaking to pay appellee.'s judgment for the assured or his administrator.''

Further discussing the matter with respect to the rights of the injured party to maintain an action against the casualty company, we said:

"The policy in question was not written for the protection of appellee, or even remotely for his benefit. Its sole object was to indemnify the assured, Wells, against loss sustained and paid.''

There was no privity between appellee, Williams, and appellant casualty company. She had not paid anything to the casualty company on account of the policy or otherwise, and the casualty company had not entered into any contract or obligation with her. Upon that subject we said in the Martin case:

"Whatever obligation arises out of a contract is due to the person to whom the obligation exists or is made; therefore, an action for the breach of a contract can, as a rule, be brought only by one who is a party to the contract. An exception is allowed in the case of the third party, for whose benefit a contract is made. In such case he may be allowed to bring an action in his own name, but it must be made to appear that when the contract was made some obligation or duty was owning from the promises in the contract to the party to be benefited, and not merely that the performance of the contract might be made to benefit him. If this were not true one's responsibility for not carrying out his agreement with another would have no limit, as the ill effects of his failure to do so could be taken advantage of by one claiming to be affected, even to a remote degree.  Cardwell v. Atwater, 14 R. 570; Triplett v. Helm, 5 J. J. Mar. 651; Powers v. Eva, 2 Bibb 317; Mobile Life Ins. Co. v. Brame, 95 U. S. 754; Carter v. Aetna Life Ins. Co., 91 Pac. (Kans.) 178. Manifestly the doctrine of privity can have no place in the consideration of this case, as it is exclusively for the benefit of the assured, and confines to him the right of action against the insurance company which even he cannot bring until he sustains a loss by the payment in money of a liability.

For these reasons the authorities cited by appellee's counsel as bearing on this aspect of the case are inapplicable.''

Although there is a difference in the phraseology, we are unable to see any substantial difference in effect between the terms of the policy contract in the Martin case, *supra,* and the case at bar. In both the assured was to be indemnified *against loss and not against liability for loss* merely. The company is liable only in case the assured sustains a loss by the payment of damages. A judgment against the assured for damages on account of an accident against which the policy runs does not satisfy that condition of the policy, if up to the time of payment of a judgment appellant had suffered no loss. He has been out nothing. When he pays the judgment he is entitled to be reimbursed according to the terms of his policy.

This rule has been changed by statutes in some states, but the General Assembly of Kentucky has not, up to the present time, thought it wise to make the change. In the absence of such legislation we must adhere to our announced doctrine, and to the rule generally adopted by courts in the various states of this union.

We are pursuaded that the demurrer to the petition should have been sustained upon yet another ground. It is averred in the petition "prior to the institution of said action, the defendant, William Joshlin, had procured from his co-defendant, Transylvania Casualty Insurance Company . . . a policy, by the terms of which said insurance company agreed to indemnify him, the said Joshlin, against loss arising or resulting from claims upon him for damages on account of bodily injuries accidentally suffered;" but it is not averred the policy was in force and effect at the time of the accidental injury to appellee, Gypsy Williams. Although the policy was taken out by Joshlin prior to the happening of the accident it may have been cancelled, surrendered or annulled, or it may have expired by its terms. If it were not in effect at the time of the accident to appellee, Williams, it makes no difference when it was issued to Joshlin, and there would be no liability thereon. As the pleading must be construed strongest against the pleader, the presumption is that the policy

was taken out long before the accident and had expired by its terms, or at least that it had become inoperative as to Joshlin at the time of the accident.

For the reasons indicated the judgment is reversed for proceedings consistent herewith.