## New York Indemnity Company, et al. v. Ewen.

(Decided June 17, 1927.)

(Rehearing Denied, with Modification, October 14, 1927.)

### Appeal from Bell Circuit Court.

1.  Master and Servant.—Petition against husband and wife, joint owners of an automobile, for injuries sustained by a passenger when wife was driving and the husband was not present, which

fails to allege that owners are husband and wife or car used for a family purpose, fails to state a cause of action against the husband.

2. Negligence.—One is not guilty of contributory negligence as a matter of law in riding as a passenger in automobile of one known to him to be a fast driver, but not shown ever to have had an accident.

3. Negligence.—Passenger is not guilty of contributory negligence as a matter of law in riding in automobile of one known to him to be a fast driver, where he requests him to drive carefully, and there is no evidence that he was not entitled to believe the request would be complied with.

4. Negligence.—Where passenger in automobile was injured because of driver's recklessness, and contributory negligence was claimed, in that passenger got into the car, knowing that driver was reckless, held, that a concrete instruction on contributory negligence should have been given.

5. Action.—Passenger injured by the negligent driving of an automobile by the holder of a policy indemnifying against loss from liability imposed by law on account of the ownership, maintenance, and use of the automobile, may not join in his action assured and insurer, notwithstanding policy provision that assured's insolvency should entitle claimant to maintain an action against the insurer, and allegation and proof of assured's insolvency.

6. Insurance.—Passenger, injured by automobile driver's negligence, has no cause of action against the driver's insurer until judgment and return unsatisfied of execution against the assured, notwithstanding policy provision that assured's insolvency should entitle claimant to maintain an action against the insurer.

7. Appeal and Error.—Mere clerical error in a petition, in that it declares on an insurance policy not in existence, may be amended on return of the case from the reviewing court for new trial.

LOW & BRYANT, JAMES M. GILBERT and GEO. J. LEWIS for appellants.

N. R. PATTERSON and JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On the 3d day of January, 1926, while a passenger in an automobile owned jointly by her sister and brother-in-law, the appellants Cora B. Mealey and Charles W. Mealey, the appellee was thrown from the automobile when it turned over on the public road near Barbourville. Appellee was very severely injured. One of the vertebra in her spine was broken, causing a paralytic condition of the body below the waist, and from which condition the appellee has suffered, and, as the evidence

shows, will continue to suffer, a great deal of pain, in addition to being permanently injured. The evidence satisfactorily shows that the automobile was caused to turn over on account of the reckless way in which it was being driven by Mrs. Cora B. Mealey at the time of the accident. Mr. and Mrs. Mealey were carrying, at the time of this accident, what is commonly called indemnity insurance, with the appellant New York Indemnity Company, in the sum of $25,000. The appellee brought this suit against Mr. and Mrs. Mealey and the New York Indemnity Company for damages on account of the injuries she had sustained as above set out. On the trial she was awarded a verdict in the sum of $25,000 against all three of the defendants, and, from the judgment entered on that verdict, this appeal is prosecuted by all three defendants.

We can at once dispose of this case as to Charles W. Mealey. He was a co-owner with his wife of the automobile which was wrecked, but he was not in the car at the time of the accident. There is no allegation in the petition that Charles W. Mealey and Cora B. Mealey are husband and wife, and the only way this fact is discovered is by a very slight allusion to it in the answer of one of the witnesses when testifying about the solvency of Mr. and Mrs. Mealey. There is no allegation in the petition that Mrs. Mealey, a co-owner of this car, was using it at the time of the accident within the scope of the family purpose doctrine so as to charge her husband, Charles W. Mealey, with responsibility for her negligence. The proof is equally silent as to any such family purpose. In her brief in this court, the appellee pitches her claim against Charles W. Mealey solely on the family purpose doctrine, but, in the absence of any proof or allegation in this record as to this matter, the court erred in overruling Charles W. Mealey's demurrer to the petition, and in failing to sustain his motion for a peremptory instruction. It results, therefore, that the judgment as to Charles W. Mealey must be reversed.

The motion for a peremptory instruction made by Cora B. Mealey, however, was properly overruled. There was abundant evidence to show that the accident was caused by the negligent way in which she was driving the automobile at the time it turned over. She insists, though, that the appellee was guilty of contributory negligence as a matter of law, in that the latter, with knowledge that the appellant was a reckless driver,

nevertheless got in the machine which appellant was driving and rode with her. The evidence, however, does not show that the appellee knew Mrs. Mealey was a reckless driver. Appellee did admit that she knew Mrs. Mealey was accustomed to drive very fast, but it is not shown that Mrs. Mealey had ever had an accident before this or that her fast driving had resulted in harm to any one. Besides, appellee testified that she asked Mrs. Mealey to drive carefully, and there is nothing in the evidence to show that appellee did not have the right to believe that her request would be complied with. Under this state of fact we conclude that appellee was not guilty of contributory negligence as a matter of law, as appellants insist.

However, we are of opinion that this case presented a state of facts calling for a concrete instruction on contributory negligence. As said in the case of L. & N. R. Co. v. King's Admr., 131 Ky. 347, 115 S. W. 196:

"The purpose of instructions is to present that issue in the form most intelligible to the jury."

The ordinary abstract instruction on contributory negligence will not bring sharply home to the jury in an intelligible form the main defense relied upon in this case. To deny a concrete instruction under such circumstances is, as said in the case of Stearns Coal & Lumber Co. v. Williams, 171 Ky. 46, 186 S. W. 931, "almost a denial of appellant's right to have its theory of the case submitted."

However, the instruction offered by appellant on this branch of the case on the trial below was clearly erroneous. But, though it was, the trial court should have prepared a proper instruction covering such theory. If the evidence on the next trial warrants such a concrete instruction on contributory negligence, the court will give the following instruction:

"If the jury believe from the evidence that, when the plaintiff, Katherine Ewen, got into and rode in the automobile of the defendant Cora B. Mealey, on the occasion complained of in the evidence, she, the plaintiff, knew or had reasonable grounds to believe that the defendant Cora B. Mealey would drive said car at an excessive and dangerous rate of speed, and that thereafter said

Cora B. Mealey did drive said car at an excessive and dangerous rate of speed, by reason whereof said defendant did cause said automobile to overturn and injure the plaintiff, or if the jury believe from the evidence that the plaintiff, even though she had no knowledge or reasonable grounds to believe, at the time she got into said automobile, that the defendant would drive said automobile at an excessive or dangerous rate of speed, yet nevertheless, after she got into said automobile, discovered that said Cora B. Mealey was driving her automobile at an excessive and dangerous rate of speed, and had the opportunity to insist that said Cora B. Mealey desist operating said automobile at such a dangerous and excessive rate of speed, or to insist that said Cora B. Mealey stop said automobile and allow plaintiff to alight, and she failed to do so, and sat by without protest, and permitted herself to be driven at an excessive and dangerous rate of speed, and that by reason of such excessive and dangerous rate of speed the defendant did cause said automobile to overturn and injure plaintiff, then the plaintiff was guilty of contributory negligence, and the law is for the defendants, and the jury should so find.''

The serious question in this case, however, is whether or not the appellee could join in this suit, not only the appellants Mr. Mealey and Mrs. Mealey, but also the appellant the New York Indemnity Company. The basis for such joinder as set out in the petition was this: In the policy of insurance issued by the insurance company to Mr. and Mrs. Mealey, among other things, it was provided by paragraph G as follows:

''The insolvency or bankruptcy of the assured shall not relieve the company from the payment of the indemnity provided by the policy, but shall entitle the claimant to maintain an action against the company for the recovery of such indemnity.''

In the petition it is averred that Mr. and Mrs. Mealey were at the time of the accident and ever since had been insolvent, and were still so, and that the sum total of all their property, joint or several, was not sufficient to satisfy and discharge their legal liabilities. It may be said in passing that the proof sustained this

charge. The appellants duly challenged the right of the appellee to join the insurer and insured, despite the allegations of the petition. The court sustained the appellee's right to so join them, and this action on the part of the trial court is complained of on this appeal. Formerly, under the standard form of policy issued by these indemnity companies, it was held that the injured party had no claim against the insurance company if the tortfeasor who was insured was insolvent (Fidelity & Casualty Co. v. Martin, 163 Ky. 12, 173 S. W. 307, L. R. A. 1917F, 924), and this was universally the rule of law in this country. In 1918, to meet what was regarded as the injustice of this situation, the state of New York passed an act, the substance of which was that, after the 1st day of January, 1918, no policy of insurance indemnifying persons against loss or damage to person or property caused by horses or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, should be issued or delivered to any person in New York by any corporation authorized to do business in that state, unless there should be incorporated in such policy a provision that—

"The insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injuries sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, that then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy." Laws N. Y. 1918, c. 182.

The constitutionality of this New York law was upheld by the Supreme Court of the United States in the case of Merchants' Mutual Automobile Liability Insurance Co. v. Smart, 267 U. S. 126, 45 S. Ct. 320, 69 L. Ed. 538. To comply with this New York law, which has been copied in a great many of our sister jurisdictions, the insurance companies incorporated in their policies provisions identical with or similar to paragraph G of the policy

herein relied upon. By paragraphs, A, C, and D of the policy involved in this litigation, it is provided:

> "A. To indemnify the assured against loss from the liability imposed by law upon the assured on account of bodily injuries, whether resulting fatally or not, suffered or alleged to have been suffered, within the policy period, by any person or persons, by reason of the ownership, maintenance, or use of any automobile described in declaration 8."
>
> "C. To defend in the name and on behalf of the assured, suits for damages, even if groundless, brought on account of such injuries, unless and until the company shall elect to effect settlement thereof.
>
> "D. To pay all costs taxed against the assured in any legal proceeding defended by the company, all accruing interest on judgment entered as a result thereof, all premium charges on attachment or appeal bonds required in such legal proceedings, all expenses incurred by the company for investigation, negotiation, and defense."

These provisions are substantially the same as the provisions in the policy under consideration in the case of Transylvania Casualty Insurance Co. v. Williams, 209 Ky. 626, 273 S. W. 536. But for the insertion of paragraph G in the policy before us, it could hardly be questioned but that this policy provided indemnity only against loss and not against liability for loss, which being true would give the injured party no cause of action against the insurance company under such policy even though a judgment had been obtained against the insured and a return of no property found on the execution issued thereon. It was expressly so held in the Williams case, supra. Does paragraph G change the obligation of the insurance company in this regard, and, if so, to what extent? Paragraph G says that the insolvency or bankruptcy of the assured shall not relieve the company from the payment of *the indemnity provided by the policy.* As we have seen, the indemnity provided by the policy is the obligation to indemnify the assured *against loss from the liability* imposed by law upon the assured on account of the ownership, maintenance, or use of his automobile, and is not an indemnity against liability. Paragraph G goes on to provide that the claimant, in the event of insolvency or bankruptcy of the assured, shall

have the right to maintain an action against the company for the recovery *of such indemnity.* Such indemnity, as we have seen, is the indemnity *against loss from liability.* This being true, we think these observations of the Supreme Court of Arizona in the case of Smith Stage Co. v. Eckert, 21 Ariz. 28, 184 P. 1001, 7 A. L. R. 995, are quite apposite:

> "It also appears from what we have said that the words 'loss and damage' mean a real loss—one, at least so far as the indemnity company is concerned, that has been put into judgment against the assured."

Paragraph G, in our judgment, was not intended to change the effect of the policy in any respect except to provide that, if after a judgment had been obtained against the assured and the injured party was then unable to collect that judgment by reason of the insolvency or bankruptcy of the assured, then and only in that event the insurance company would be responsible to the injured party in a direct action. In such a state of case the rules of law laid down in Metropolitan Casualty Co. v. Albritton, 214 Ky. 16, 282 S. W. 187, would be applicable. It was not intended by the parties to this contract of insurance that the issue of insolvency or bankruptcy or any other defense that the insurance company might have against the assured on this policy, as, for instance, the claim that the assured had not co-operated in the defense of the suit, should be tried out in a case involving the question of negligence vel non. Such an inquiry into these collateral matters would serve to confuse the jury and to becloud the real issue in the case. As said in the Eckert case, supra:

> "This unfair, not to say unreasonable, situation in which the indemnity company would be placed, we think, was not in contemplation of any of the parties to the contract. A more just and reasonable conclusion, it would seem, would be that it was within the contemplation of the contracting parties that the injured person must first establish his claim against the wrongdoer in his action for negligence and thereafter be assured of the fruits of his victory by being permitted to collect from the indemnity company."

We are not unmindful, and we have read with care, the authorities cited by the appellee wherein a joint action such as here attempted has been upheld by other courts. Per contra there are a number of cases where such a joint action was denied by the courts on the ground that an action in tort and in contract could not thus be joined. But we prefer to rest our opinion, not on such a technical and narrow ground, but on our construction of paragraph G of this policy when read in the light of its other paragraphs. The construction which we have given to this paragraph G carries into effect the aims of the New York law which was in the main responsible for the insertion in these policies of provisions like paragraph G. It will be remembered that the New York law does not provide that the injured party has any cause of action directly against the insurance carrier until he has obtained a judgment against the assured and a return of no property found on the execution issued thereon. We are of opinion, then, that under this policy the appellee had no right to join the insurance company with the assured, and that she had no direct cause of action against the insurance company until she had obtained a judgment against the assured and established the latter's insolvency or bankruptcy by having an execution issued on such judgment and a return of "no property found" made on such execution. The trial court therefore erred in overruling the objections to misjoinder in this case.

Other errors are alleged on this appeal, one of which is that the petition declared on a policy which was not in effect at the time of this accident. It is manifest that this was a clerical error, and the appellee will be permitted to amend her petition and correct that mistake on the return of this case to the lower court. Some technical objection is made to the instructions, but we believe that they substantially submitted the issue involved in this case, except that on the next trial they should be corrected to eliminate the insurance company and also Mr. Mealey, unless an amendment be filed to bring him within the family purpose doctrine and the proof sustains such amendment. The question of whether or not this verdict is excessive is reserved, because some contention is made that the appellee is improving in health, and the evidence on the next trial may be different from that on the last.

The judgment of the lower court is reversed, with instructions to grant the appellants a new trial in conformity with this opinion.

Whole court sitting.