## REED v. CRAIG et al.

Court of Appeals of Kentucky.
Dec. 21, 1951.

734

R. Howard Smith, Newport, for appellant.

Ebert, Cook & Burke, Newport, for appellees.

CLAY, Commissioner.

Appellant was injured when a motorcycle on which she was riding as a passenger collided with a taxicab owned by appellees. After a lengthy trial, the jury returned a verdict in the latters' favor.

Appellant's brief fails to comply with our Court Rule 1.340, as it contains no classification of the points and authorities discussed, and no statement of the issues of law or fact. A number of questions are obliquely raised, making it difficult to determine the real grounds upon which she relies for reversal.

This was an intersection accident in Newport. Appellant was riding with her fiancee on a motorcycle, traveling on Ninth Street, as it approached Columbia Avenue. Ninth Street at this point is a stop-street. The collision occurred in the intersection when the taxicab and the motorcycle collided.

Appellant's claim is based on the theory that appellees' driver negligently failed to keep a lookout, or to have proper control of the taxicab, or that he was driving too fast. Appellees' defense was that the motorcycle was being operated at a high and reckless rate of speed; that the driver failed to stop at the intersection; and that appellant contributed to the negligent operation of the motorcycle.

The proof, most of which was favorable to appellees, presented a question for the jury. We do not know whether it found, as it properly could: (1) that the taxicab driver was not negligent; or (2) that appellant herself contributed to the negligent operation of the motorcycle. Her principal complaint is directed to the two instructions given to the jury on the subject of her contributory negligence.

The first of these instructions (B) advised the jury that the law was for appellees if appellant saw, or by the exercise of ordinary care should have seen, that the driver of the motorcycle was operating it at an unreasonable and dangerous rate of speed; if she failed to protest; and by

reason thereof she helped cause the accident. The other instruction (C) likewise advised the jury that the law was for appellees if appellant negligently participated in an argument with the driver of the motorcycle so as to interfere with his proper operation of it, and such negligence contributed to the accident.

Appellant's argument is that the court gave undue prominence to particular facts brought out in the evidence, thereby prejudicing the jury in appellees'. favor. She relies on such cases as: South Covington & C. St. Ry. Co. v. Schilling, 89 S.W. 220, 28 Ky. Law Rep. 309; Louisville & N. R. Co. v. Ueltschi's Ex'rs, 97 S.W. 14, 29 Ky. Law Rep. 1136; Jones et al. v. Sharp's Adm'r, 139 S.W.2d 731, 282 Ky. 638; Kentucky & Indiana Terminal R. Co. et al. v. Cantrell, 298 Ky. 743, 184 S.W.2d 111. In the above cases it was decided that under the facts there shown, a general instruction on contributory negligence would adequately present the issue to the jury, and for that reason particular items of evidence should not be included. Those opinions, however, recognize that where a set of facts justify it, it is proper to give a concrete instruction embodying the special circumstances shown by the evidence.

Such a case was New York Indemnity Company et al v. Ewen, 221 Ky. 114, 298 S.W. 182. It involved the precise question before us; i. e., the contributory negligence of a passenger in a motor vehicle. There we held that a general instruction on contributory negligence would not properly present the issue to the jury, and the opinion directed the giving of a very specific instruction detailing the facts shown in the evidence and defining what acts of the plaintiff would constitute such negligence. The Court, after stating that the purpose of instructions is to present issues in the most intelligible form, said, 221 Ky. at page 117, 298 S.W. at page 183: "The ordinary abstract instruction on contributory negligence will not bring sharply home to the jury in an intelligible form the main defense relied upon in this case." See also Louisville & Nashville R. R. Co. v. King's Adm'r, 131 Ky. 347, 115

S.W. 196; Stearns Coal & Lumber Company v. Williams, 171 Ky. 46, 186 S.W. 931; Cumberland R. Co. v. Girdner, 174 Ky. 761, 192 S.W. 873; Louisville & Nashville Railroad Company v. Jackson's Administrator, 243 Ky. 59, 47 S.W.2d 941.

In recent years this Court has favored the delineation of issues in concrete form as the most appropriate guide to a jury. Broad legal concepts have very little meaning to the lay juror who is confronted with an immediate and exact factual problem. General instructions are subject to the criticism that they often create false issues, and tend to mislead rather than inform. Concrete instructions are to be encouraged. See Harry Holder Motor Company v. Davidson, Ky., 243 S.W.2d 926.

An instruction in the present case, simply advising the jury that if they believed appellant was contributorily negligent she could not recover, would have been wholly inadequate as failing to set up any standard of care or any duty with which she may have been legally chargeable. A backseat passenger on a motorcycle is closely associated with the operation of the vehicle, and such peculiar position presents unusual features of possible contributory negligence. It was the proper function of the court to point out what acts or omissions on appellant's part, shown by the evidence, could be considered negligence.

The proof strongly tended to support the theory that appellant was negligent in failing to protest or that she actively participated in the negligent operation of the motorcycle. Appellees were entitled to have their defense properly presented, and the instructions did no more than intelligibly advise the jury concerning the specific issues involved.

Appellant raises some objection to the consolidation of her case with that of the administrator for the driver of the motorcycle, but this appears a proper case for such procedure.

 Appellant also objects to the allowance by the court of only fifty-five minutes to argue the case. This was a matter for the court's discretion, and we find it was not abused.

The judgment is affirmed.