RENDERED: JUNE 15, 2023
MODIFIED: JULY 5, 2023
TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0043-DG

ESTATE OF LAHOMA SALYER BRAMBLE;                    APPELLANTS
JOAN ANGONESE; MICHAEL R. ANSLEM;
GINGER ASHWORTH; BERNICE BAILEY;
HENRIETTA BERRY; RUTH BROCK;
MELYNDA HARTMAN COFFEE; BEAUREDA
COLLEY; AMELIA CRAFT; CHARLES V.
CRAFT; CONROY CRAFT; JUDY DOWNS
CROCKETT; BETTY DOBSON; DOUG
DOWNS; CAROLYN DYKHUZIEN; ESTATE
OF EVALEE BLAYLOCK EDWARDS; MARY
FIFIELD; LILLIAN WHITAKER FLOYD;
GWENDONLYN R. FORGE; MAXINE
FRENCH; PAULINE FRITTS; JERRY B.
GIBBS; PAUL B. GIBBS; FREDERIC
HARWELL, ADMINISTRATOR OF THE
ESTATE OF RONALD HARWELL; GEMALEA
SALYER HAVENS; MYRTLE HOWARD; PAM
HOWARD; MAYOLA HUMES; GAIL
KAHLEY; CHRISTINE MADISON KELLEY;
LINDA KRONTZ; HAROLD LOVELY; NEVA
LOUISE LOVELY; SANDY DOWNS
ZIMMERMAN LYNCH; KAREN J. LYON;
MARK MANNING; ONEDA MARCHETTI;
DAVID MARTIN; KIMBERLY D. MCCORD;
AUDREY MINIX; EARNESTINE MINIX;
LILLIAN MINIX; JAMES PHARES; JAMES R.
(JAMIE) PHARES; JASON PHARES;
CHERYL L. PIPER; INA SALYER PYLES;
MOLLIE W. RICHARDSON; WANDA GAYE
ROKOSZ; RAMEY SALYER, JR.; BILL
SALYER; CHANDLER "HAPPY" SALYER;
DAVID RON SALYER; EMORY CAIN
SALYER; FORD SALYER; GARY SALYER;
GLEN SALYER; JAMES SALYER; KELLY
SALYER; LARRY KEITH SALYER; LARRY R.
SALYER; MARK STEVEN SALYER; MARY E.
SALYER; PATCHEL SALYER; ROBERT E.

SALYER; ROTHEL SALYER; ROY WARD
SALYER; TIMMY ODELL SALYER; VENA
SALYER; WISEMOND SALYER; LAVINIA
WHITAKER SMITH; BARBARA STALBAUM;
VANESS EASON VANHYNING; LAVARVIA
BEDDINGFIELD WEBIE; DANIEL E.
WHITAKER; DARYL LAWRENCE
WHITAKER; JACK WHITAKER; MARVIN
WHITAKER; JAMIE WHITWORTH;
DARRELL G. WILLIAMS; DEN DELBERT
WILLIAMS; GARY WILLIAMS; GERALDINE
WILLIAMS; GREG WILLIAMS; RANDALL
WILLIAMS; AND KAREN WORTMAN


ON REVIEW FROM COURT OF APPEALS
V.                     NOS. 2019-CA-0015 & 2019-CA-0207
MAGOFFIN CIRCUIT COURT NO. 07-CI-00006


GREENWICH INSURANCE COMPANY                                    APPELLEE


**OPINION OF THE COURT BY CHIEF JUSTICE VANMETER**

**<u>REVERSING AND REMANDING</u>**

By statute and case law, insurance companies must deal fairly with both

their insureds and claimants under their policies.  Failure to do so may result

in a bad faith action against the insurance company.  By case law, however, a

bad faith action may not be maintained if a policy does not cover a claim.  The

threshold issue we resolve in this case is whether the Court of Appeals erred in

holding that because an insurance company's coverage under its policy had

never been finally adjudicated, a third-party claimant's bad faith claim was

premature, in reliance on *Pryor v. Colony Insurance Co.,* 414 S.W.3d 424, 427

(Ky. App. 2013).  We hold that the Court of Appeals did err and therefore

reverse its opinion and remand to that court for determination of the other issues raised in Greenwich Insurance Company's appeal.

## I. Facts and Procedural Background

In early 2007, the heirs of Ben and Lillian Salyer (collectively "Salyer Heirs"), filed this action against J. D. Carty Resources, LLC, and Anaconda Drilling of Kentucky, LLC alleging that these defendants had trespassed on their land, drilled natural gas wells, and thereby damaged their land and deprived the heirs of mineral royalties. The alleged trespass began in 1993. In March 2008, based on surveys, Carty admitted that its wells had drawn natural gas from under the Salyer Heirs property and, subsequently, the trial court entered a partial summary judgment as to liability. In December 2008, Carty entered an agreed judgment with the Salyer Heirs to pay $628,000, with payments to be made in monthly installments over the course of 2009. Carty defaulted almost immediately.

Greenwich, insurer of Carty during two policy years, July 2005 to July 2007, had defended Carty under a reservation of rights and without admitting its policy covered the conversion of the natural gas, offered to contribute $20,000 to Carty towards payment of Carty's agreed judgment with the Salyer Heirs.[1] In negotiating this payment with the Salyer Heirs' counsel, Carty's counsel, who had been retained by Greenwich to represent Carty, advised the Salyer Heirs' counsel of Carty's release in favor of Greenwich.

---

[1] The record discloses that Greenwich was notified of this claim and litigation in early 2007.

Following Carty's default, the Salyer Heirs sought payment by Greenwich of their agreed judgment with Carty and sought and were granted leave to file their fourth amended complaint to assert claims against Greenwich and Bituminous Casualty Company, insurers, respectively, of Carty and Anaconda. The claims were for violation of the UCSPA and common law bad faith. Greenwich was aware of the litigation when it was filed in early 2007. In August 2010, Greenwich filed a motion to sever the claims against it from the remaining issues in the case. It reaffirmed that it had been defending the underlying case under a reservation of rights and that before a bad faith claim could proceed, coverage and an obligation to pay had to be established. Thereafter, the parties filed cross motions for summary judgment with respect to whether the policy covered the Salyer Heirs' claims

In early 2011, the trial court entered an Order granting the Salyer Heirs' motion for partial summary judgment, holding Greenwich's policies covered Carty's actions which formed the basis of the Salyer Heirs' complaint and subsequent judgment. In so ruling, the trial court stated that the Salyer Heirs had established the first element of *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). The trial court made this Order final and appealable. CR[2] 54.02. Greenwich timely appealed this determination, but on its review, the Court of Appeals granted the Salyer Heirs' motion to dismiss the appeal as interlocutory. *Bituminous Cas. Corp. v. Est. of Bramble*, 2011-CA-0542-MR,

---

[2] Kentucky Rules of Civil Procedure.

4

2011-CA-0643-MR, 2014 WL 685453 (Ky. App. Feb. 21, 2014) *disc. rev. denied and ordered not to be published*, 2014-SC-0150-D (Ky. Feb. 11, 2015).[3] As a result, no final determination was made as to whether the insurance policies cover Carty's actions and the Salyer Heirs' claims. This lack of final decision remains true to this point.

On remand, litigation as to the bad faith claims resumed. In November 2017, Greenwich again moved to dismiss the fourth amended complaint on the grounds that Kentucky case law prohibits a third party from pursuing a claim under the UCSPA for the purposes of determining coverage, and that a third party may not pursue a common law bad faith claim. The Salyer Heirs filed a motion to file a fifth amended complaint to assert a declaration of rights that the insurance policies covered their claims. The trial court granted the Salyer Heirs' motion in April 2018, and also scheduled a jury trial to begin that September.

Following the trial, the jury awarded the Salyer Heirs $834,000 in compensatory damages and $14,300,000 in punitive damages, and the trial court entered a judgment accordingly. This judgment was in addition to the

---

[3] As way of explanation, both Bituminous and Greenwich filed motions for summary judgment on the coverage issue. The trial court ruled in favor of the Salyer Heirs, and, at the request of the insurance companies, made the Order final and appealable. Following filing of notices of appeal, the Salyer Heirs filed a motion to dismiss as an appeal from an interlocutory order. Although this motion was denied by a Court of Appeals motion panel and the parties thereafter briefed the merits of the issue, it seems slightly disingenuous to claim, as the Salyer Heirs state in their brief to this Court, that the merits panel *sua sponte* dismissed the appeal as interlocutory.

Anaconda and Bituminous were dismissed from the action in May 2018.

5

trial court's order that Greenwich was liable on the original agreed judgment between the Salyer Heirs and Carty, which, including interest, totaled in excess of $1,500,000 by November 2018. Greenwich then filed two notices of appeal, which the Court of Appeals consolidated.

The Court of Appeals issued an opinion summarizing the procedural history of the case from inception through the 2018 jury trial. In a plurality decision, in which one authoring judge concurred, one judge concurred in result only without opinion and one judge dissented without opinion, the Court of Appeals, relying on *Pryor*, held that "the circuit court improperly permitted the [Salyer Heirs] to pursue their bad faith claims against it in violation of *Pryor* because coverage had not been established when they filed their third-party bad faith complaint." *Greenwich*, at *9.[4] The Court of Appeals did not address any issues relating to policy coverage or the Magoffin Circuit Court trial. The Salyer Heirs filed a motion for discretionary review, which we granted.

## II.    Standard of Review

For purposes of this review, and the posture of the case before us, we are confronted with a pure question of law, *i.e.*, whether a third-party may pursue a bad faith claim against an insurance company prior to a coverage determination being made. In all such cases, our review is de novo. *See, e.g.,*

---

[4] *Greenwich Ins. Co. v. Est. of Bramble,* No. 2019-CA-0015-MR, 2021 WL 4228335, at *9 (Ky. App. Sept. 17, 2021), *rev. granted* (June 8, 2022), *not to be published.*

6

*Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 631 (Ky. 2018) (de novo review of questions of law). We, thus, afford no deference to the decisions of the lower courts. *Commonwealth v. B.H.*, 548 S.W.3d 238, 242 (Ky. 2018).

### III.  Analysis

For over thirty-five years, our case law has recognized the ability of a third-party claimant to file a bad faith action against an insurance company. *See State Farm Mut. Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988) (holding that "private citizens are not specifically excluded by the statute from maintaining a private right of action against an insurer by third-party claimants. KRS 446.070 and KRS 304.12–230 read together create a statutory bad faith cause of action[]"). Our seminal case defining the cause of action, *Wittmer v. Jones*, was a third-party bad faith action. The elements of bad faith were set out in *Wittmer*, as follows:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

864 S.W.2d at 890.

In *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000), a case involving a bad faith claim against a self-insured transportation company, we summarized the development of our bad faith jurisprudence to that point. While we held that a self-insured company was not subject to the UCSPA, we stated,

7

> The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is *contractually obligated* to pay. Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.

*Id.* at 100; *see also Ky. Nat'l Ins. Co. v. Shaffer*, 155 S.W.3d 738, 742 (Ky. App. 2004) (holding "in absence of a contractual obligation in an insurance policy for coverage, there can be no claim for bad faith[]").

More recently, we stated "an insurance company must deal in good faith with a claimant in determining whether the company is contractually obligated to pay the claimant." *Mosley v. Arch Specialty Ins. Co.*, 626 S.W.3d 579, 584 (Ky. 2021) (citing *Davidson*, 25 S.W.3d at 100). We acknowledged that this obligation of good faith holds "whether the claimant is the company's own insured, or the company insures the claimant's tortfeasor[, because] Kentucky, unlike many states, allows a third-party to bring a cause of action for claims of bad-faith." *Mosley*, 626 S.W.3d at 584.

In *Pryor*, Ms. Pryor brought a wrongful death action against a logging contractor and other parties, who, she claimed, were allegedly responsible for her deceased husband's injury and death. In addition, Colony Insurance Company, the contractor's commercial general liability insurer, was joined seeking to recover under a policy and for bad faith. The trial court entered summary judgment in favor of the insurer ruling the policy did not cover the incident. 414 S.W.3d at 427. On appeal, the Court of Appeals affirmed, reviewing in detail the exclusionary language in the policy and endorsements

8

and holding that the policy did not cover the incident. *Id.* at 428-32. At this point, the Court might have ended its efforts and affirmed the trial court, but decided it needed to address the issues of whether Ms. Pryor could bring a direct action against the insurer, and whether Ms. Pryor was authorized to sue as a third-party claimant under the UCSPA.

As to this latter issue, the Court correctly recognized "an insurance company's violation of the UCSPA creates a private cause of action both for the named insured and for those who have claims against the named insured, and the same standards govern both types of cases." *Id.* at 433 (citing *Motorists Mut. Ins. Co. v. Glass,* 996 S.W.2d 437, 452 (Ky. 1997)). So far, so good. The problematic language, however, arises in the Court's next statements:

> But a third-party claimant may only sue the insurance company under USCPA when coverage is not contested or already established. *Knotts v. Zurich Ins. Co.,* 197 S.W.3d 512, 516 (Ky.2006). And, as stated by Chief Justice Robert Stephens in his concurring opinion in *Curry v. Fireman's Fund Ins. Co.,* 784 S.W.2d 176, 178 (Ky.1989):
>
>> An insured does not avail himself of this cause of action by merely alleging bad faith due to an insurance company's disputing or delaying payment on a claim. An insured must prove that the insurer is obligated to pay under the policy, that the insurer lacks a reasonable basis for denying the claim, and that the insurer either knew there was no reasonable basis to deny the claim or acted with reckless disregard for whether such a basis existed. An insurer's refusal to pay on a claim, alone, should not be sufficient to trigger the firing of this new tort.
>
> Therefore, a third party cannot make a claim under UCSPA for the purpose of establishing coverage. Therefore, Pryor cannot avail herself of a bad faith action in order to establish that insurance coverage was available.

*Id.*

9

To the extent it may be construed as requiring a final appellate determination of coverage in a third party claim, the holding in *Pryor* misapplies our bad faith case law, as no case establishes a hard and fast rule for when a third-party claimant can bring a bad faith case. Two general factual situations giving rise to the filing of a bad faith action are that either (i) policy coverage is not contested, or (ii) the tortfeasor's liability to the claimant has been reasonably established and the tortfeasor has an insurance policy that ostensibly covers the incident in question.[5] The *Pryor* Court cited *Knotts* for its holding, but we do not read *Knotts* to be so limiting. In fact, in *Knotts*, we stated that "'claim' as used in [KRS 304.12-230] means an assertion of a right to renumeration under an insurance policy once liability has reasonably been established." 197 S.W.3d at 516.

To be clear, we do not retreat from longstanding case law in this Commonwealth that tort victims do not have direct causes of actions against

---

[5] In this case, the Salyer Heirs obtained an agreed judgment against Carty with respect to Carty's trespass/conversion of the Salyer Heirs' mineral resources. Thus, Carty's liability to the Salyers Heirs was established and, without deciding, the Greenwich policy ostensibly provided coverage for this occurrence.

The Court of Appeals held that the Salyer Heirs did not have standing to enforce this judgment against Greenwich. This holding seems to be inconsistent with our decision in *State Auto Mut. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805 807-08 (Ky. 1991) holding that after obtaining judgment against an insured, the injured party may "then seek enforcement of the judgment rendered in an action against the defendant's indemnitor." *See also Chambers v Ideal Pure Milk Co.*, 245 S.W.2d 589, 591 (Ky. 1952) (suit against insurance carrier would be proper after judgment had been obtained against the insured), *overruled on other grounds by Gonzalez v. Johnson*, 581 S.W.3d 529 (Ky. 2019); *Ky. Hosp. Ass'n Tr. v. Chi. Ins. Co.*, 978 S.W.2d 754 755-56 (Ky. App. 1998) (holding similarly).

their tortfeasors' insurance companies. *State Auto. Mut. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805, 808 (Ky. 1991) (stating "[i]n ordinary circumstances, an injured party must first obtain judgment against the opposing party defendant and then seek enforcement of the judgment rendered in an action against the defendant's indemnitor[]"); *Cuppy v. Gen. Accident Fire & Life Assur. Co.*, 378 S.W.2d 629, 632 (Ky. 1964) (stating "[t]he rule is (with the possible exception in case of insolvency or bankruptcy, neither of which is pleaded or proved here) that an injured person cannot sue the insurance company in his original action against the insured[]"); *Chambers v. Ideal Pure Milk Co.*, 245 S.W.2d 589, 591 (Ky.1952) (holding "[n]o action could be maintained on the policy of insurance until judgment had been obtained against the insured policemen[]"), *overruled on other grounds by Gonzalez v. Johnson*, 581 S.W.3d 529 (Ky. 2019); *N.Y. Indem. Co. v. Ewen*, 221 Ky. 114, 298 S.W. 182, 185 (1927) (holding plaintiff "had no direct cause of action against the insurance company until she had obtained a judgment against the assured[]"). The Salyer Heirs' claim against Greenwich is their own tort claim, in which they have the burden of proving the insurer (1) was obligated to pay the claim under the terms of the policy; (2) lacked a reasonable basis in law or fact for denying the claim; and (3) knew it had no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. *Wittmer*, 864 S.W.2d at 890. If, as held by the Court of Appeals, as seeming held in *Pryor*, or as argued by Greenwich, the obligation to pay under the policy

11

must be finally and conclusively determined prior to a third party bringing its bad faith claim, then the first element of *Wittmer* is rendered superfluous.

In sum, this Court finds that *Pryor* and *Knotts* should not be construed as requiring a final judicial determination of coverage prior to filing a third-party tort claim against an insurer. Instead, we continue to apply the longstanding requirements of *Wittmer v. Jones*, which specifically state that plaintiffs must fully shoulder the burden of proving the insurer is obligated to pay in order to prevail in a bad faith claim. Here, the first step towards satisfying the first prong of *Wittmer* was the trial court's finding that Greenwich's policies covered Carty's actions.[6] The Court of Appeals erred in requiring more.

## IV.    Conclusion

The Court of Appeals opinion is reversed, and this matter is remanded to that court to address the remaining issues raised by the parties related to the coverage provided by the Greenwich policy and the Magoffin Circuit's trial in this matter.

VanMeter, C.J.; Bisig, Conley, Keller, Lambert, and Nickell, JJ., sitting. All concur. Thompson, J., not sitting

---

[6] To be clear, this issue remains on appeal and is to be resolved by the Court of Appeals on remand.

12

COUNSEL FOR APPELLANTS:

Philip Gray Fairbanks
Mendel Austin Mehr
Mehr Fairbanks Trial Lawyers, PLLC


COUNSEL FOR APPELLEE:

Mindy Barfield
Shadette Page Johnson
Dinsmore & Shohl, LLP

Susan L. Maines
Casey Bailey & Maines, PLLC

# Supreme Court of Kentucky

2022-SC-0043-DG

ESTATE OF LAHOMA SALYER BRAMBLE;                    APPELLANTS
JOAN ANGONESE; MICHAEL R. ANSLEM;
GINGER ASHWORTH; BERNICE BAILEY;
HENRIETTA BERRY; RUTH BROCK;
MELYNDA HARTMAN COFFEE; BEAUREDA
COLLEY; AMELIA CRAFT; CHARLES V.
CRAFT; CONROY CRAFT; JUDY DOWNS
CROCKETT; BETTY DOBSON; DOUG
DOWNS; CAROLYN DYKHUZIEN; ESTATE
OF EVALEE BLAYLOCK EDWARDS; MARY
FIFIELD; LILLIAN WHITAKER FLOYD;
GWENDONLYN R. FORGE; MAXINE
FRENCH; PAULINE FRITTS; JERRY B.
GIBBS; PAUL B. GIBBS; FREDERIC
HARWELL, ADMINISTRATOR OF THE
ESTATE OF RONALD HARWELL; GEMALEA
SALYER HAVENS; MYRTLE HOWARD; PAM
HOWARD; MAYOLA HUMES; GAIL
KAHLEY; CHRISTINE MADISON KELLEY;
LINDA KRONTZ; HAROLD LOVELY; NEVA
LOUISE LOVELY; SANDY DOWNS
ZIMMERMAN LYNCH; KAREN J. LYON;
MARK MANNING; ONEDA MARCHETTI;
DAVID MARTIN; KIMBERLY D. MCCORD;
AUDREY MINIX; EARNESTINE MINIX;
LILLIAN MINIX; JAMES PHARES; JAMES R.
(JAMIE) PHARES; JASON PHARES;
CHERYL L. PIPER; INA SALYER PYLES;
MOLLIE W. RICHARDSON; WANDA GAYE
ROKOSZ; RAMEY SALYER, JR.; BILL
SALYER; CHANDLER "HAPPY" SALYER;
DAVID RON SALYER; EMORY CAIN
SALYER; FORD SALYER; GARY SALYER;
GLEN SALYER; JAMES SALYER; KELLY
SALYER; LARRY KEITH SALYER; LARRY R.
SALYER; MARK STEVEN SALYER; MARY E.
SALYER; PATCHEL SALYER; ROBERT E.
SALYER; ROTHEL SALYER; ROY WARD
SALYER; TIMMY ODELL SALYER; VENA
SALYER; WISEMOND SALYER; LAVINIA
WHITAKER SMITH; BARBARA STALBAUM;
VANESS EASON VANHYNING; LAVARVIA

BEDDINGFIELD WEBIE; DANIEL E.
WHITAKER; DARYL LAWRENCE
WHITAKER; JACK WHITAKER; MARVIN
WHITAKER; JAMIE WHITWORTH;
DARRELL G. WILLIAMS; DEN DELBERT
WILLIAMS; GARY WILLIAMS; GERALDINE
WILLIAMS; GREG WILLIAMS; RANDALL
WILLIAMS; AND KAREN WORTMAN

V.

ON REVIEW FROM COURT OF APPEALS
NOS. 2019-CA-0015 & 2019-CA-0207
MAGOFFIN CIRCUIT COURT NO. 07-CI-00006

GREENWICH INSURANCE COMPANY                                    APPELLEE

## ORDER CORRECTING

On the Court's own motion, IT IS ORDERED that the attached page 10 is hereby substituted in lieu of page 10 of the original Opinion rendered on June 15, 2023, in order to correct a typographical error in footnote 5. This correction does not affect the holding of the original Opinion or the entry of finality by the Clerk of Court.

ENTERED: July 5, 2023.

_Laurance B VanMeter_
CHIEF JUSTICE