RENDERED:  JANUARY 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0538-MR

TERRI BREWER AND KEVIN                                          APPELLANTS
BREWER


APPEAL FROM HOPKINS CIRCUIT COURT
v.      HONORABLE CHRISTOPHER BRYAN OGLESBY, JUDGE
ACTION NO. 23-CI-00803


AMERICAN ECONOMY                                                  APPELLEES
INSURANCE COMPANY AND
LINDA WELBORN


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE:  Appellants, Terri Brewer and her husband, Kevin Brewer,

appeal from an order of the Hopkins Circuit Court dismissing their complaint

against Appellees, Linda Welborn and American Economy Insurance Company or

American.  After our review, we affirm.

The material facts are undisputed. On November 23, 2022, Terri Brewer was badly injured when she fell from an unfloored section of the attic space above Welborn's garage. Linda Welborn is Terri's mother.

Welborn obtained her homeowner's insurance policy from American Economy Insurance. The policy covered Welborn's personal liability for damages incurred as a result of an accidental injury sustained by someone on her property and also provided counsel to defend her in a legal action aimed at establishing her personal liability. The coverage limits were $300,000.00. The policy also provided limited medical payments (without regard to liability) to a person injured as a result of an accident on Welborn's premises. Following the accident, American Economy Insurance paid $2,000.00 for Terri Brewer's medical expenses. Welborn made a claim for the liability coverage.

On November 27, 2023, the Brewers filed an action against Welborn, American Economy Insurance, and the homebuilder. They alleged that American was strictly liable to them for the sum of $300,000.00 based on the insurer's failure to inspect Welborn's property. They alleged that Welborn agreed with their contention. They also alleged that American Economy Insurance engaged in unfair claims settlement practices and that it otherwise failed to act in good faith by refusing to pay the insurance claim. Finally, they alleged that the homebuilder was liable for its negligent construction of the unfloored attic space above the garage.

The Brewers did not allege that Terri suffered personal injury as a result of any negligence on Welborn's part.

The homebuilder answered and denied the Brewers' allegations. It is not a party to this appeal.

Before filing an answer, Welborn filed a motion requesting the court to dismiss her from the action. She explained that she was not a proper party to the proceedings because the Brewers made no allegations against her and did not seek to recover damages from her. American also filed a motion to dismiss. It argued, in part, that the Brewers failed to state a claim upon which relief could be granted because they never asserted a liability claim against its insured. (CR[1] 12.02(f)). It explained that under no circumstance could it be held strictly and directly liable for Terri's injuries. Moreover, in light of these facts, it argued that an action for bad faith was not viable as a matter of law.

In response, and consistent with the allegations made in their complaint, the Brewers argued, in part, that American Economy Insurance was strictly liable to them because it failed to inspect Welborn's property before issuing its policy of insurance. They argued that the adjuster sent by American failed to properly investigate the dangerous condition of the attic space above the garage and that the insurer had admitted its liability by paying $2,000.00 to Terri for her

---

[1] Kentucky Rules of Civil Procedure.

medical expenses. Finally, they argued that the failure of American to pay the claim was outrageous.

By orders entered on April 5, 2024, the Hopkins Circuit Court granted the separate motions of Welborn and American Economy Insurance to dismiss the Brewers' action against them for failure to state a claim for which relief could be granted. This appeal followed.

On appeal, the Brewers contend that the circuit court erred by granting the motion to dismiss. They argue that American Economy Insurance is strictly liable to them under the terms of the insurance contract because American failed to inspect the insured's property both before and after Terri Brewer fell from the attic space above the garage. Additionally, they contend that the arbitrary refusal of American to pay its policy limits constitutes an unfair claims settlement practice. Based upon these arguments, they contend that the circuit court's decision to dismiss their complaint is palpable error.

American argues that the Brewers' complaint failed to state a claim upon which relief could be granted because the insurance company did not agree to be directly responsible for any and all accidents on Welborn's premises. Instead, American Economy Insurance agreed to provide personal liability coverage to Welborn where *her* legal liability for an injury was implicated or established. American contends that where there has been no allegation that Welborn was

responsible for Terri's injuries, the essential condition predicate to invoke coverage is missing. We agree.

A motion to dismiss for failure to state a claim upon which relief can be granted admits as true the material facts of the complaint. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). Consequently, when a motion to dismiss on this basis is filed, the trial court is asked to determine only whether the facts as alleged in the complaint establish a basis for relief. Because this is a pure question of law, we do not defer to the trial court's determination upon our review. *Id.* Instead, we review the issue *de novo*. *Id.*

Pursuant to the express terms of its contract, American Economy Insurance was not independently liable for the allegedly dangerous condition of Welborn's property. Instead, the policy provided coverage to the policyholder for damages that *she* might legally be liable to pay to third parties. The Brewers' complaint did not assert any legal liability against Wilborn, the insured. Nor did it seek to recover damages from her.

Tort victims do not have a direct cause of action against a tortfeasor's insurance company. *State Auto. Mut. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805, 808 (Ky. 1991) (stating "[i]n ordinary circumstances, an injured party must first obtain judgment against the opposing party defendant and then seek enforcement of the judgment rendered in an action against the defendant's

indemnitor"); *Cuppy v. Gen. Accident Fire & Life Assur. Co.*, 378 S.W.2d 629, 632 (Ky. 1964) (stating "[t]he rule is (with the possible exception in case of insolvency or bankruptcy, neither of which is pleaded or proved here) that an injured person cannot sue the insurance company in his original action against the insured"); *N.Y. Indem. Co. v. Ewen*, 221 Ky. 114, 298 S.W. 182, 185 (1927) (holding plaintiff "had no direct cause of action against the insurance company until she had obtained a judgment against the assured").

Furthermore, the decision of American Economy Insurance to pay $2,000 voluntarily to Terri Brewer under the policy's medical payments provision was not an admission of its insured's liability. The policy provided specifically that payment pursuant to this coverage "is not an admission of liability by any insured or us."

Finally, where the Brewers' complaint failed to assert a viable cause of action against Welborn, it did not make a colorable claim that American Economy Insurance acted in bad faith or engaged in unfair claims settlement practices or outrageous conduct by failing to pay the claim. A bad faith action is first and foremost dependent upon the insurer's obligation to pay the claim under the terms of its policy. *Hollaway v. Direct General Insurance Company of Mississippi, Inc.*, 497 S.W.3d 733, 737-38 (Ky. 2016). Where it is clear that

American Economy Insurance was justified in denying the claim, the Brewers cannot show that the insurer acted in bad faith.

To summarize, the Brewers' complaint failed to state a claim upon which relief could be granted. Consequently, the trial court did not err by granting the motion to dismiss pursuant to CR 12.02(f).

We affirm the order of the Hopkins Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Wendell Holloway
Madisonville, Kentucky

BRIEF FOR APPELLEE
AMERICAN ECONOMY
INSURANCE COMPANY:

Douglas W. Langdon
J. Kendrick Wells, IV
Laura M. Haara
Louisville, Kentucky

BRIEF FOR APPELLEE
LINDA WELBORN:

Christopher M. Mussler
Alexander J. Keubbing
Louisville, Kentucky