### BRYANT v. BRYANT.

Court of Appeals of Kentucky.

Feb. 15, 1952.

V. R. Bentley, Pikeville, for appellant.

Hobson & Scott and Giles J. McCarthy, all of Pikeville, for appellee.

CAMMACK, Chief Justice.

Ruth Good Bryant and Joe Bryant were married on February 18, 1949. On October 23, 1948, Mrs. Bryant was injured while riding in an automobile being driven by Joe Bryant. In March, 1950, Mrs. Bryant filed an action against Joe Bryant seeking to recover for her injuries sustained in the automobile wreck in October, 1948. In his answer to the petition as amended Joe Bryant set up a plea of limitation. He set forth also that at the time of the commencement of the action he and the plaintiff were living together as husband and wife, and that as a result thereof Mrs. Bryant had no cause of action against him. In her reply Mrs. Bryant stated that, between November 1948 and March 1949, Joe Bryant promised to pay her medical expenses and make a settlement with her for her injuries. She said that she relied upon the promises made her until April 8th, 1949, when she again requested payment. The reply set forth further that: "* * * She states that on or about April 20, 1949, she was notified by the defendant that such payments and reimbursements was declined and payment refused for the same by defendant."

The action was concluded by the trial judge sustaining a demurrer to the petition, which was dismissed after Mrs. Bryant declined to plead further. We are asked to reverse the judgment on the grounds that (1) the petition stated a good cause of action; and (2) the plea of limitation was not good because of the alleged promises for settlement.

Since we are of the opinion that the plea of limitation was good, we shall confine

**458**

our consideration of the case to that question. The reply did not state the basis for the appellee's refusal to make a settlement on April 20, 1949. This date was just short of six months after the injury. Regardless of the promises for settlement which may or may not have been made to Mrs. Bryant, she had six full months after April 20th to file her action, it being one coming within the provisions of KRS 413.-140(1). That statute directs such an action shall be commenced within one year after the cause of action accrues. As we have noted, the action was not filed until March, 1950. There is involved here no element of estoppel as was involved in Clover Splint Coal Company v. Lorenz, 270 Ky. 676, 110 S.W.2d 457. In that case negotiations for a settlement were conducted until within a very short time before the last day for filing the action.

Judgment affirmed.