**UNITED STATES of America, and Mabel Wadlington Gay, Appellants,**

v.

**Lorene G. WADLINGTON, Executrix of the Will of W. R. Wadlington, Deceased, Appellee.**

Court of Appeals of Kentucky.

March 25, 1960.

J. Leonard Walker, U. S. Atty., Charles M. Allen, Asst. U. S. Atty., Louisville, for the United States.

James P. Hanratty, Hopkinsville, for Mabel Wadlington Gay.

W. E. Rogers, Jr., S. T. Fruit, Hopkinsville, for appellee.

MILLIKEN, Judge.

This case is before us upon an agreed statement certified by the trial judge under CR 76. The sole question presented is whether the proceeds of the sale of approximately $17,000 of United States Savings Bonds, Series G and H, should be included within the estate of the deceased owner, W. R. Wadlington, or whether the proceeds passed at his death to various beneficiaries who were designated on the respective bonds as the payees on the death of Mr. Wadlington. The present appeal is from a judgment holding that the bonds are part of the deceased's estate.

The question arose in a suit brought by the executrix for the purpose of settling the estate of her deceased husband. Her husband, W. R. Wadlington, had been ill with cancer for several years and had found it necessary from time to time to dispose of some of his bonds in order to obtain cash. On Thursday, January 7, 1954, he presented nineteen of the bonds to the Planters Bank & Trust Company of Hopkinsville, a member of the Federal Reserve System, properly endorsed, and requested the bank to cash them. On the next day, Friday, the Planters Bank mailed the bonds to the Federal Reserve Bank of St. Louis for payment, but on the following day, Saturday, Mr. Wadlington died. The Federal Reserve Bank of St Louis was not open on Saturday and Sunday, so actual delivery of the bonds to that bank was not made until Monday, January 11. On March 1 following, not knowing of the death of Mr. Wadlington, the Treasurer of the United States, through his fiscal agent at St. Louis, issued three checks payable to Mr. Wadlington in care of the Planters Bank & Trust Company, Hopkinsville, Kentucky. The executrix of Mr. Wadlington's estate promptly cashed the checks and deposited the proceeds to her account as executrix.

It is the contention of the United States Government that the proceeds of the sale of the bonds are not properly assets of the estate of Mr. Wadlington, but, under regulations of the Treasury Department, belong to the designated beneficiaries of the bonds. The estate is substantial in amount, but the United States income tax lien thereon approximates $71,000, so the ownership of the proceeds of these bonds (and the proceeds of other similar bonds not involved in this appeal) has a direct effect on the liquidity of the estate. It is the contention of the United States and the beneficiaries of the bonds that the Treasury regulations are determinative of the ownership of the proceeds. The pertinent portion of the regulations, 31 C.F.R. 314, provides:

"(c) Payment or reissue after the death of the registered owner. If the registered owner dies without having presented and surrendered the bond for payment or authorized reissue and is survived by the beneficiary, upon proof of such death and survivorship, the beneficiary will be recognized as the

sole and absolute owner of the bond, and payment or reissue will be made only to such survivor, as though the bond were registered in his name alone. *If the registered owner dies after he has presented and surrendered the bond for payment, payment of the bond, or check, if one has been issued, will be made to his estate.*

"(d) * * * *The term 'presented and surrendered' as used in this subpart means the actual receipt of a bond, for payment, by a Federal Reserve Bank or the Treasury Department, or an incorporated bank or trust company or other agency duly qualified to make payment of the bond, * * *."* (Italics ours.)

And 31 C.F.R. 315.23(b) provides that (1) such bonds may be redeemed on one month's notice in writing "to a Federal Reserve Bank or Branch, (2) the Bureau of Public Debt, Division of Loans and Currency, 536 South Clark Street, Chicago 5, Illinois, or (3) the Treasury Department, Washington 25, D. C."

■ The Planters Bank of Hopkinsville is a member of the Federal Reserve System, but is not a "Federal Reserve Bank or Branch", so the payee of the bonds, Mr. Wadlington, through his agent the Planters Bank, had to resort to the mails or other suitable means for presenting the bonds for redemption at one of the distant, designated Federal agencies for such a purpose. There is no question but that he did all reasonably within his power to show that he no longer wanted the donee-beneficiaries (for that is what they were) of the bonds to receive the proceeds thereof. He needed the money himself. In other words, he had changed his intentions and was conveying that information to the proper Federal agency by sending the bonds for redemption. Ordinarily an offer may be accepted by mailing acceptance, properly stamped and addressed, within a reasonable time,

Restatement of the Law, Contracts, Sec. 67, Corbin on Contracts, Sec. 78, so the Federal Government's offer to redeem the bonds would clearly come within the scope of that principle unless the aforequoted regulation requiring "actual receipt" of the bonds by it from the payee entitles the donee-beneficiaries to payment.

■ We conclude that the Federal regulations were not intended, and should not be construed, to have the effect contended for by the Federal Government in this case. In the first place, all the interest the beneficiaries had in these bonds during the life of the payee was a conditional right to their proceeds after his death. Their conditional interest was subject to being nullified by his cashing the bonds. They certainly could have brought no action to protect such an interest during the payee's life. He is the one who gave them the conditional interest in the first place, and he is the one who exercised his power to take it away by sending the bonds for redemption. The regulation declaring that "presented and surrendered" means "actual receipt of a bond for payment" is for the protection of the Federal Government; so that the Federal Government cannot be held liable for redemption of the bonds until they are actually received; it does not alter the basic principle also announced in the regulations that "if the registered owner dies after he has presented and surrendered the bond for payment, payment of the bond, or check, if one has been issued, will be made to his estate." Here, the payee, Mr. Wadlington, presented and surrendered the bonds to the proper Federal agency, they were actually received by it, and payment to his estate was proper.

For a collection of cases dealing with many of the aspects of the transfer of United States Bonds, see 43 Am.Jur., Public Securities and Obligations, Sec. 165, and particularly the Cumulative Supplement.

The judgment is affirmed.