Diane POSPISIL, Appellant,

v.

Rayburn MILLER, Appellee.

Court of Appeals of Kentucky.

Feb. 17, 1961.

William E. Wehrman, Thomas E. Horne, Covington, for appellant.

Charles S. Adams, Covington, for appellee.

BIRD, Chief Justice.

On March 14, 1956, Diane Pospisil was riding as a guest in an automobile owned and driven by Rayburn Miller. The car left the highway and ran into a tree. Diane Pospisil was thereby caused to suffer severe personal injuries. On May 1, 1958, she filed this action to recover damages for her injuries, charging Rayburn Miller with negligence in the operation of the automobile. It is shown on the face of the complaint that two years had elapsed between the day of the accident and the filing of the action. KRS 413.140(1) (a) requires that actions of this nature be commenced within one year from the day the cause of action accrued. Upon this ground Miller moved to dismiss the complaint. He alleged that it did not state a claim upon which relief could be granted. The trial court sustained the motion to dismiss but granted plaintiff fifteen days in which to file an amendment.

The amendment was filed in due time. It charged that a representative of Miller's insurance carrier told the plaintiff that his company had "assumed and recognized its liability to the plaintiff," and that a settlement would be made with her when the bills were all in and when she had fully recovered. It is further alleged that he told her she would, in due course, be fully compensated if she did not consult or employ an attorney. The amendment further asserted that the plaintiff relying on these statements did not consult an attorney until two years after the accident.

A motion to dismiss the complaint as amended was filed in words and figures as follows:

"Defendant moves the Court to dismiss this action and the complaint as amended herein, because the Complaint as amended fails to state a claim against defendant upon which relief can be granted, in that:

"1. It appears on the face of the Complaint as amended that the claim attempted to be enforced by the Complaint as amended was not commenced within the time provided by law, as the Statute of Limitations became applicable thereto a few days after June 4, 1957 and that thus the cause of action is barred by the provisions of the applicable Statute of Limitations, namely K.R.S. 413.140(a) and (b) and 413.170(1); and

"2. The Complaint as amended does not state facts sufficient to in any way prevent the application of, or estop the defendant from relying on, the Statute of Limitations as a bar to this cause of action."

The motion was sustained and a judgment was entered dismissing the action. Miss Pospisil appeals.

She contends that the alleged representations of the insurance agent precluded the appellee from using the statute of limitations against her. In other words she plead estoppel and tolling of the statute.

It appears to us that we answered this argument in Jackson v. Jackson, Ky., 313 S.W.2d 868, 869, in which the facts were quite similar. In the Jackson case the facts alleged are related as follows:

"Count I of the complaint set forth the occurrence of the accident in August 1955; charged negligence on the part of drivers Jackson and Noonan, and also damage to the appellant. Count II set forth that immediately after the accident employees of the defendant insurance companies told Mrs. Jackson of an agreement whereby the companies would settle the claims of persons riding in the respective cars insured by them and adjust the losses between themselves; and advised her that they could not settle her claim until she had been discharged by her doctors. Mrs. Jackson alleged further in Count II that on or about August 17, 1956, she approached the companies' agents and notified them of her understanding that her claim should be filed by August 19, 1956, whereupon the agents of the companies advised her that she had already filed a claim with them and that it was not necessary to institute a civil action. On or about September 5, 1956, she again contacted the agents, so she alleged, and was asked what amount she would require for settlement, but on September 19, 1956, the insurance companies denied liability on the ground that she had failed to institute a civil action against the appellees, Noonan and Jackson, within one year after the accident. * * *"

Appellant contends that the present case and the Jackson case are to be distinguished in so much that the claimant in the Jackson case had knowledge of the day when the statute of limitation would begin to operate. We are unable to make the distinction. Miss Pospisil was and is presumed to know that her action would be barred in one year by the statute of limitations. The insurance adjuster was her adversary and she had no right to rely upon his representations of this nature. Jackson v. Jackson, supra. Also in Hopperton v. Louisville & Nashville R. Co., 34 S.W. 895, 17 Ky.Law Rep. 1322, we said:

" * * * The plaintiff, although relying on his ignorance of the law, should not have consulted his adversary as to the manner or time in which he should bring his action. He had no right to rely on the statement of the defendant, but should have consulted an attorney, or some one whose interest was not adverse to his in regard to the subject-matter. Ignorance of the statute of limitation cannot be pleaded as a defense, even if wrongly advised by counsel."

In the Hopperton case it is alleged that the defendant actually told the litigant that the limitation was two years. Nevertheless, Judge Pryor wrote as above quoted.

It appears from the cases that the representations averred do not constitute grounds of estoppel and do not toll the statute of limitation.

This Court, however, frowns upon the practice alleged and it should be abated if in fact it does exist.

The judgment is affirmed.