Hassell **BURKE**, Appellant,

v.

William **BLAIR**, Appellee.

Court of Appeals of Kentucky.

Sept. 29, 1961.

Robert P. Hobson, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, Willis W. Reeves, Reeves & Barret, Hazard, for appellant.

Cordell H. Martin, Hindman, D. G. Boleyn, Hazard, for appellee.

WILLIAMS, Judge.

On September 11, 1957, the appellee, William Blair, was riding home from work in an automobile owned and driven by the appellant, Hassell Burke. While passing another automobile appellant's car left the road and turned over, causing appellee to suffer 25 per cent permanent disability of the left hand and arm. On November 1, 1958, appellee filed this action to recover damages. It is shown on the face of the complaint that over a year had elapsed between the day of the accident and the day the action was filed. KRS 413.140(1) (a) requires an action of this nature to be commenced within one year from the day the cause of action accrued. In his complaint appellee alleged that the statute of limitations was tolled by the conduct of appellant's attorney. The appellant filed motion and answer setting up the statute

of limitations as a bar to the action. An amended complaint was filed setting out in detail the actions of appellant's attorney which, it was alleged, tolled the running of the statute of limitations. Appellant's motion to dismiss and motion for a directed verdict were overruled. The issues, including the question whether the actions of appellant's attorney tolled the running of the statute of limitations, were submitted to a jury which found for appellee on all counts. A verdict in favor of appellee in the amount of $10,000 was returned, and appellant's motion for a new trial and motion for judgment n. o. v. were overruled.

The only question on this appeal is whether the actions of appellant's attorney were so fraudulent as to toll the running of the statute of limitations. We will consider the evidence submitted by appellee in its most favorable light, although appellant denies certain portions thereof. On March 13, 1958, appellant's attorney wrote a letter to the appellee in which he requested him to come to his office. Appellee visited the attorney's office on several occasions and discussed a settlement on each occasion. At one time appellee and appellant's attorney figured up days lost from work, expenses, etc. However, there was never a firm offer of settlement made by either person. Appellee states that appellant's attorney advised him it was not necessary to consult with any other lawyer and that he was going to be paid. After one year had elapsed from the date of the accident appellee was notified that the statute of limitations had run and that he would not be paid on any claim which he might have.

KRS 413.190(2) provides in part as follows:

"When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the ac-

# 838 ■

tion, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced."

The general rule is that a party may be estopped to plead limitations where he has induced inaction on the part of plaintiff by his false representations or fraudulent concealment. However, the fraudulent action must be of a character to prevent inquiry. or elude an investigation or otherwise mislead the party having cause of action, and such party is under the duty to exercise reasonable care and diligence. See 53 C.J.S. Limitations of Actions § 25.

The foregoing statute has been considered in a good number of cases by this Court, beginning possibly with Coleman v. Walker, 1860, 3 Metc. 65, 60 Ky. 65. It would serve no useful purpose to compare and distinguish each of the cases which have been considered by this Court for the simple reason that each case has involved a different set of facts or a different relationship between the parties. Suffice it to say in this case there was no firm .offer by either party to settle the claim for a specified amount; there was no fiducial or trust relationship between the parties; there was no promise of payment for an agreement not to sue; nor was there any concealment of facts which prevented the institution of a suit.

The case of Pospisil v. Miller, Ky., 343 S.W.2d 392, recently decided by this Court, is almost directly in point. There the plaintiff filed action after the statutory period had expired. She alleged that a representative of the defendant's insurance carrier told her that the company had assumed and recognized its liability to the plaintiff; that a settlement would be made with her when the bills were all in and she had fully recovered; and that she would be fully compensated if she did not consult or employ an attorney. It was held that the actions complained of did not constitute grounds for estoppel. We

said that the plaintiff is presumed to know that an action will be barred in one year by the statute of limitations, and has no right to rely upon representations of an insurance adjuster who is her adversary.

It is not denied that the appellee knew when he discussed settlement with appellant's attorney that the attorney was working for his adversary. Mere negotiations looking toward an amicable settlement do not afford a basis for estoppel to plead limitations.

The appellant's motion for judgment n. o. v. should have been sustained.

Judgment reversed, with directions that judgment be entered in accordance with this opinion.