**Iola CUPPY et al., Appellants,**

**v.**

**GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, Ltd., et al., Appellees.**

Court of Appeals of Kentucky.

April 24, 1964.

Daniel B. Boone, Henry A. Triplett, Louisville, for appellants.

J. D. Raine, Louisville, for appellees.

CHESLEY A. LYCAN, Special Commissioner.

The automobiles of appellant William C. Cuppy and appellee John Drake collided in Louisville on May 19, 1960, injuring appellant Iola Cuppy, wife of William C. Cuppy. Appellee General Accident Fire and Life Assurance Corporation, Ltd., was the insurance carrier for Drake. On the day of the collision, Armon Morgan, an adjuster for the insurance company, appeared at the Cuppy home and discussed the collision. Morgan saw the Cuppys twice more. He places the time of his last visit as "the first part of August." Cuppy agrees that the last time they saw Morgan was August 1960. Iola Cuppy substantially agreed on the date, saying she was in the hospital in July and saw Morgan after she got out. Appellants brought suit on September 1, 1961, and, realizing that more than one year had elapsed since the collision, attempted in the complaint to plead around the statute of limitations on the grounds that the adjuster for the insurance company had "promised plaintiffs that it would take care of everything" and thereby "obstructed the prosecution of this action within one year." Appellees relied upon the statute of limitations, KRS 413.140(1) (a) (b), and the statute of frauds, KRS 371.010(4).

There is no dispute that the adjuster did visit the Cuppys at least three times; that the Cuppys knew Morgan was an insurance adjuster; and that the conversation with Morgan was friendly at all times. There is a dispute as to what was said when Morgan visited the Cuppys. Morgan said that Iola Cuppy made the positive statement that she was going to sue. He said that he gave her his card and told her "to show her that we would try to be fair about it," that he "would be happy to discuss it with her." William C. Cuppy, who was present and took part in some, if not all, of the conversations with Morgan, stated that Morgan said, "he wanted her to get well, and they would take care of everything," and that they relied on the statements. Iola Cuppy said, "He told me when I found out how much it was going to be to call him and we would sit down together and discuss it and I didn't know how much it was going to be. I never called him and that's the reason I didn't."

The trial court dismissed appellants' complaint "insofar as it avers a claim for personal injuries, incidental damages and loss of consortium, * * *."

Two recent cases in point are Pospisil v. Miller, Ky., 343 S.W.2d 392, and Burke v. Blair, Ky., 349 S.W.2d 836.

▪ In Burke v. Blair, this Court said:
"The general rule is that a party may be estopped to plead limitations where

he has induced inaction on the part of the plaintiff by his false representations or fraudulent concealment. However, the fraudulent action must be of a character to prevent inquiry or elude an investigation or otherwise mislead the party having cause of action, and such party is under the duty to exercise reasonable care and diligence. See 53 C.J.S. Limitations of Actions § 25.

"* * * We said that the plaintiff is presumed to know that an action will be barred in one year by the statute of limitations, and has no right to rely upon representations of an insurance adjuster who is her adversary."

"It is not denied that the appellee knew when he discussed settlement with appellant's attorney that the attorney was working for his adversary. Mere negotiations looking toward an amicable settlement do not afford a basis for estoppel to plead limitations." See also Bryant v. Bryant, Ky., 246 S.W. 2d 457.

■ Those cases are in point. We see no reason to depart from the principles announced therein. Moreover, it should be observed that more than one year elapsed between the last contacts of Morgan, the adjuster, with the Cuppys in August 1960, and the institution of this action on September 1, 1961.

Appellants also contend that the question whether the adjuster's action tolled the statute of limitations should be submitted to the jury. That was done in Burke v. Blair, supra, and the jury found for the plaintiff, but this Court held that "appellant's motion for a judgment n. o. v. should have been sustained." Whether an action is barred by the statute of limitations is a question of law to be decided by the courts, especially in those cases in which the evidence when viewed in the light most favorable to one seeking to avoid the statute of limitations still calls for the application of the statute.

We find in this case that although viewing the evidence in the light most favorable to the appellants, to-wit: "he wanted her to get well, and they would take care of everything," still the action is barred by the statute of limitations, KRS 413.140(1) (a) (b). That testimony in this case is no stronger than the testimony in Burke v. Blair, supra, where the attorney in attempting to negotiate settlement said, "he was going to be paid."

Louisville & N. R. Co. v. Carter, 226 Ky. 561, 10 S.W.2d 1064, and Clover Splint Coal Co. v. Lorenz, 270 Ky. 676, 110 S.W. 2d 457, cited by appellants, are distinguishable because there were payments or continued employment. In Adams v. Ison, Ky., 249 S.W.2d 791, the confidential relationship of surgeon and patient is a distinguishing factor.

By the tests set out in Pospisil v. Miller, supra, and Burke v. Blair, supra, we find no facts constituting an estoppel to plead the statute of limitations, and we affirm the holding of the trial court that the action is barred by the statute of limitations.

Appellees also relied upon the statute of frauds, KRS 371.010(4), which provides in part:

"No action shall be brought to charge any person:

*      *      *      *      *      *

"(4) Upon any promise to answer for the debt, default or misdoing of another;

*      *      *      *      *      *

"unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. * * *"

■ Appellants' pleading does not set out the terms of Drake's policy and simply refers to it as "public liability insurance," which ordinarily is only a contract to defend actions against insured and to indem-

nify insured against loss or judgment arising out of the use of the automobile referred to in the policy. The rule is (with the possible exception in case of insolvency or bankruptcy, neither of which is pleaded or proved here) that an injured person cannot sue the insurance company in his original action against the insured. New York Indemnity Co. v. Ewen, 221 Ky. 114, 298 S.W. 182; Chambers v. Ideal Pure Milk Co., Ky., 245 S.W.2d 589; Happy v. Erwin, Ky., 330 S.W.2d 412.

■ The action against General Accident Fire and Life Assurance Corporation, Ltd., should have been dismissed in so far as the action was based on tort.

Appellants' complaint, however, declares both in tort and contract.

The alleged contract is pleaded for two purposes: First, as an estoppel against the plea of the statute of limitations, which we have held to be insufficient to constitute an estoppel against the plea of limitations, and second, as a cause of action against General Accident Fire and Life Assurance Corporation, Ltd., on a settlement contract, which the insurance company moved to dismiss, denied, and pleaded statute of limitations and statute of frauds.

■ Every contract requires mutual assent and consideration, and contracts to answer for the debt, default or misdoing of another must be in writing.

Depositions were taken of the appellants and of Morgan, the insurance adjuster, covering both the question of estoppel to plead the statute of limitations and also the contract theory. They all agree that Morgan negotiated with the aim of settlement but there the agreement stops, the theory of appellants being that Morgan agreed to "negotiate and pay," and the theory of Morgan being that he agreed to "negotiate and be fair."

The alleged consideration for the contract sued upon is, "abstinence from seeing a lawyer and filing a suit." That leaves some ambiguity. The most favorable view to the appellants is that "she promised to and did abstain from seeing a lawyer and filing suit," while the most favorable to the appellees is that "without promise plaintiff merely abstained from seeing a lawyer and filing suit." All doubt on the matter is resolved by the following question and answer in Iola Cuppy's deposition:

> "Q. Did you ever promise Mr. Morgan that if he would make a settlement with you that you would not see a lawyer or file a suit?
>
> "A. No sir, we didn't discuss it at all."

■ The Court holds, therefore, that the alleged consideration for the alleged contract did not exist. Simple failure to act not pursuant to request or agreement is no consideration.

■ If we consider Morgan's negotiations toward settlement to be an admission of liability against the insured, Drake, that would not stop the running of the statute of limitations for the reason that "The rule relating to acknowledgments and new promises is confined in its application to contracts express or implied for the payment of money, and does not extend to actions in tort, * * *." See 34 Am.Jur., Limitations of Actions, Section 291, page 235; Luther & Morgan v. Payne, 197 Ky. 359, 247 S.W. 39; Mutual Trust & Deposit Co. v. Boone, Ky., 267 S.W.2d 751, 45 A.L.R.2d 961.

The contract theory fails because the evidence shows that the negotiations between Morgan and the Cuppys contemplated a compromise or settlement, but no compromise or settlement was ever made and there was never a novation abolishing the tort liability and substituting a promise of the insurer to pay and of the injured to accept. In fact, relief was sought on the tort liability. Even if there had been such mutual assent, and we hold there was not, there was no consideration to support it. Inasmuch as we hold there was no contract,.

it is unnecessary to consider the defense of the statute of frauds.

It is our opinion that the judgment should be affirmed.

The opinion is approved by the Court and the judgment is affirmed.