**Millard BROWN and wife, Bernice Brown, Appellants,**

**v.**

**NOLAND COMPANY, Inc., et al., Appellees.**

Court of Appeals of Kentucky.

May 20, 1966.

Marshall Funk, Bowling Green, Mahoney, Jordan, Statton & Smith, Boone, Iowa, for appellants.

Bell, Orr & Reynolds, Bowling Green, for appellees.

DAVIS, Commissioner.

The appellants Millard Brown and Bernice Brown, husband and wife, sued appellees Noland Company, Inc., Ulan K. Jones, Jr., and Continental Insurance Company, asserting tort liability of Noland Company and Jones arising out of an automobile accident, or alternatively contract liability against Continental on an asserted contract for settlement of the tort claim. The trial court sustained appellees' motion to dismiss the action upon the pleadings. CR 12.03. This is a multiple claims action, but the judgment of the court dismissing the action in behalf of these appellants was appropriately made final as prescribed by CR 54.02(1).

The facts, as alleged in the complaint and amended complaint are that on August 23, 1962, a truck operated by appellee Jones as servant of appellee Noland Company, Inc., collided with a car in which the appellants were riding, thereby inflicting personal injuries upon appellants. The accident occurred in Kentucky. The appellants are residents of Iowa. Appellee Continental Insurance Company is the liability insurance carrier for the Noland Company, Inc. The pleadings seek recovery for property damage to the car of appellant Millard Brown and for personal injuries said to have been suffered by two infant children of the Browns who were passengers in the Brown car. The property damage claim and the personal injury claims of the infants are not before us on this appeal.

The present suit was not filed until January 21, 1964, more than a year after the accident occurred. By way of anticipatory pleading the complaint sought to assert facts upon which to support its allegations that the defendants are estopped from interposing the plea of the Statute of Limitation. KRS 413.140(1) (a). Alternatively, the appellants sought to base a claim for recovery upon an alleged contract of compromise if the court should adjudge that the one-year limitation statute foreclosed tort recovery.

The appellees filed a pleading denominated "Motion & Answer" by which they moved to dismiss the action upon four separately stated grounds, which we paraphrase. (1) no bond for costs had been filed as required by KRS 453.220 (a bond was filed and this point is not on appeal); (2) the complaint and amended complaint fail to state a cause of action upon which relief can be granted; (3) the alleged claims are barred by the limitation statutes, and (4) the Statute of Frauds bars recovery on the contract theory. The

affirmative allegations of the complaint as amended were denied. Since the cause went off on the sufficiency of the pleadings, we must examine those pleadings to determine the issues before us.

█ We have no difficulty agreeing with the trial court on the point that the complaint as amended fails to allege facts sufficient to warrant an estoppel against a plea of the one-year statute of limitation on the tort claims of the appellants. Without reciting the allegations in full, it is fair to say of them that they simply amount to the assertion that the appellants did not realize that Kentucky's limitation period for personal injury actions is one year, as opposed to Iowa's limitation period of two years. There is no allegation that the adjuster for the liability carrier misrepresented any fact, nor indeed that he made any representations about a limitation period. We consider this case to be ruled by the tenets announced and followed in Cuppy v. General Accident Fire & Assurance Corp., Ky., 378 S.W.2d 629; Burke v. Blair, Ky., 349 S.W.2d 836; and Pospisil v. Miller, Ky., 343 S.W.2d 392.

█ The just cited opinions recognize the general rule that a party may be estopped to plead limitations where he had induced inaction by the claimant by false representations or fraudulent concealment. As said in the *Burke* opinion:

"However, the fraudulent action must be of a character to prevent inquiry or elude an investigation or otherwise mislead the party having cause of action, and such party is under the duty to exercise reasonable care and diligence." Op.Cit., 349 S.W.2d 838.

The allegations of the pleadings fall short of asserting that the adjuster (or anyone else) was guilty of false representations or fraudulent concealment.

As noted, the complaint does undertake to plead, in the alternative, a contractual liability based upon a claimed offer and acceptance of a compromise of all claims for $15,000. Summarizing the allegations on this phase of the case, we observe that it is alleged that: in June or July, 1963, the adjuster for Continental made a "firm offer" to settle all claims involved for $15,000; the adjuster requested appellants to " * * * take their time and consider the offer and advise whether it was accepted or rejected at their convenience and no time limit was imposed on the offer, nor was the matter of Limitations (sic) mentioned;" the $15,000 offer was never withdrawn; on November 25, 1963, the appellants " * * * advised the defendants through their said agent and otherwise, that they accepted the $15,000.00 offer in settlement in accordance with its terms;" by letter of December 4, 1963, the present appellees denied all claims and repudiated the $15,000 offer and assigned as their reason the statute of limitation.

█ It will be observed that the complaint as amended asserts a "firm" offer of $15,000, coupled with a representation that no time limit was imposed on the offer. We regard this an an allegation of an offered accord and satisfaction upon payment of the agreed sum of $15,000. With respect to such an offer it is written in 1 Am.Jur.2d, Accord and Satisfaction, Sec. 52, p. 349:

"An accord is as much a contract as any other agreement, and an action may be maintained against the party in default for the breach or nonperformance of an accord under the ordinary principles of the law of contracts. In the absence of statute, if the debtor breaks a contract which is an accord to be satisfied by a future stated performance, the creditor has alternative rights; he can enforce either the original duty or the accord."

The same view is announced in Restatement, Contracts, Section 417. The rule is recognized in Barret v. Clarke, 226 Ky. 109, 9 S.W.2d 1091, although there it is dealt with as an exception to the general rule.

In this connection, see Whayne Supply Co. v. Gregory, Ky., 291 S.W.2d 835, in which is a quotation from Elliott v. Dazey, 19 Ky. (3 T.B.Mon.) 268, indicating that a mere accord, without satisfaction, is no plea in bar, and assigning as one reason for the rule that the unsatisfied accord may not be the basis for a suit on the accord. We regard that reasoning as unsound and to the extent that *Whayne Supply Co.* supra, and *Elliott,* supra, may appear to be in conflict with the rule as quoted from 1 Am.Jur.2d, Accord and Satisfaction, Section 52, p. 349, they are overruled.

It is well settled that an offer may be accepted within a reasonable time, unless the offer prescribes a certain time limitation, either expressly or by usage or custom. See 17 Am.Jur.2d, Contracts, Section 35, p. 373; 17 C.J.S. Contracts § 51, p. 715; United States v. Wadlington, Ky., 333 S.W.2d 771, 773. Generally, what is "reasonable" is considered a question of fact, not one of law. See Restatement, Contracts, Sec. 40(2) in which it is written:

> "What is a reasonable time is a question of fact, depending on the nature of the contract proposed, the usages of the business and other circumstances of the case which the offeree at the time of his acceptance either knows or has reason to know."

It is our view that the allegations of the complaint as amended are sufficient to present a factual question whether the claimed acceptance of the claimed offer was accomplished in a reasonable time.

We are unable to accept appellees' contention that the asserted contract was without consideration. This situation differs from those in which it is claimed that an adjuster promised to "settle" in the future, but left the amount and extent of the settlement for future agreement. That was the factual situation in Cuppy v. General Accident Fire & Life Assurance Company, Ky., 378 S.W.2d 629; Burke v. Blair, Ky., 349 S.W.2d 836; and Pospisil v. Miller, Ky., 343 S.W.2d 392. Those decisions are not dispositive here on the consideration question.

Neither do we find merit in appellees' argument that the Statute of Frauds [KRS 371.010(4)] is a fatal bar to appellants. The alleged offer of compromise made by the adjuster was not a promise to answer for the debt, default or misdoing of another within the purview of that statute. Rather, the adjuster was acting as agent for his principal, Continental, and his alleged offer was as if made by Continental. In reason, the alleged offer was also as if made by the assured appellees, Noland Company, Inc., and Jones, since the insurance adjuster was acting upon their behalf in the matter of undertaking to settle the claim.

The judgment is reversed for such further proceedings as may be appropriate for adjudication of the claimed contract right to recover $15,000 in full settlement of all claims.