*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2002 FED App. 0185P (6th Cir.)
File Name: 02a0185p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

PACIFIC EMPLOYERS
INSURANCE COMPANY,
                    *Plaintiff,*

EDMUND SCHNEIDER,
          *Plaintiff-Appellant,*


          *v.*


SAV-A-LOT OF WINCHESTER;
WENDALL COMBS, HAROLD
GOULD, and WINFRED
WINKLE, General Partners,
Sav-a-Lot of Winchester; and
MORAN FOODS, INC., d/b/a
SAV-A-LOT FOODS, LTD.,
          *Defendants-Appellees.*

No. 00-6187



Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 99-00195—Karl S. Forester, Chief District Judge.

Argued: February 11, 2002

Decided and Filed: May 24, 2002

Before: NELSON, CLAY, and GARWOOD,[*] Circuit Judges.

---

**COUNSEL**

**ARGUED:** Scott C. Wilhoit, CLARK, WARD & CAVE, Louisville, Kentucky, for Appellant. Bruce D. Gehle, WILLIAM GALLION & ASSOCIATES, for Appellees. **ON BRIEF:** Scott C. Wilhoit, CLARK, WARD & CAVE, Louisville, Kentucky, for Appellant. Bruce D. Gehle, William J. Gallion, WILLIAM GALLION, & ASSOCIATES, Lexington, Kentucky, for Appellees.

---

**OPINION**

---

DAVID A. NELSON, Circuit Judge. When a pleading is amended to change the party against whom a claim is asserted, as first year civil procedure students routinely learn, the amendment "relates back," under certain conditions, to the date of the original pleading. Under the Federal Rules of Civil Procedure, the conditions that must be satisfied if the relation-back doctrine is to apply are not always identical to the conditions that must be satisfied under state civil procedure rules – and the case at bar, where the applicability of Kentucky's version of the relation-back doctrine is at issue, shows that such differences can be significant.

The action now before us arises out of personal injuries suffered by a truck driver while making a delivery at a Lexington, Kentucky, warehouse owned and operated by an out-of-state corporation. On the last day of the one-year

---

[*] The Honorable William L. Garwood, Circuit Judge of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

in rejecting Schneider's contention. Employees of the store in Winchester were not employees of the warehouse in Lexington, and they clearly had no authority to speak for the warehouse owner, Moran Foods.

The general rule in Kentucky is that "a party may be estopped to plead limitations where he has induced inaction on the part of the plaintiff by his false representations or fraudulent concealment." *Burke v. Blair*, 349 S.W.2d 836, 838 (Ky. 1961). In the case at bar there has been no showing that Moran Foods was guilty of false representations or fraudulent concealment. Mr. Schneider argues that the public had no way of knowing that Moran Foods was behind the "Save-A-Lot" name, but the fact is that a certificate identifying Moran Foods as the entity behind the Save-A-Lot name had been filed with the Kentucky Secretary of State as long ago as 1992. The certificate would have been in the records of the office of the Secretary of State on June 12, 1998, when inquiry was made of that office on behalf of Pacific Employers. Someone appears to have slipped up on June 12, and we have no way of knowing whether it was a representative of Pacific Employers, a representative of the Secretary of State, or both. Obviously, however, the slip-up was not Moran Foods'.

Moran Foods did nothing to prevent the plaintiff from learning who was behind the fictitious name. There is thus no basis on which the district court could properly have held Moran Foods estopped to assert its statute of limitations defense.

The judgment entered in favor of Moran Foods is **AFFIRMED.**

within the period of limitations if the notice received by Mr. Combs is not imputed to it.

Mr. Schneider has never advanced a coherent rationale for applying the post-1991 federal rule, under which he would prevail on the issue of timely notice, as opposed to the Kentucky rule, under which he cannot prevail. It is the Kentucky rule, in our judgment, that controls.

In June of 1998, when Mr. Schneider filed his amended complaint naming Moran Foods as a defendant, the action was still pending in the Kentucky Circuit Court; not until 11 months later – May 21, 1999, to be precise – was the case removed to federal court. As long as the matter remained in the Kentucky court, it was the Kentucky Rules that applied; see Rule 1(2), Kentucky Rules of Civil Procedure ("These Rules govern procedure and practice in all actions of a civil nature in the Court of Justice . . ."). The Federal Rules applied only after removal; see Rule 81(c), Fed. R. Civ. P. ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal"). Both sets of rules thus clearly indicate that it is the version of the relation-back doctrine embodied in the Kentucky Rules, and not the version embodied in the Federal Rules, that governed the consequences of the filing of the amended complaint in June of 1998. See *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980) (state procedures held applicable "because the relevant amendments and service of process preceded removal to federal court").

### C

Mr. Schneider contends, finally, that Moran Foods is estopped to assert the statute of limitations defense because of the fact that an employee of the Save-A-Lot store in Winchester, Kentucky, told Pacific Employers' lawyer that the Save-A-Lot warehouse on Palumbo Drive in Lexington was "part of their organization." The district court did not err

limitations period prescribed by Ky. Rev. Stat. § 413.140, an insurance company that had paid workers' compensation benefits to the injured driver filed a subrogation action in a Kentucky circuit court. The insurance company intended to sue the owner of the warehouse, but mistakenly named as defendants a defunct partnership and its members, none of whom was in the warehouse business. Apprised of its mistake when one of the former partners telephoned it after receiving the suit papers in the mail, the plaintiff company promptly amended its complaint to name the corporation that in fact owned the warehouse.

Under Rule 15.03(2) of the Kentucky Rules of Civil Procedure the amendment could not relate back unless the party to be brought in had received notice of the action within the limitations period. Under the federal rules, by contrast, the amendment could not relate back unless the party to be brought in received notice within the period provided for service of the summons and complaint. See Rule 15(c)(3), Fed. R. Civ. P. The condition established by the federal rule was met here; the condition established by the state rule was not.

Notwithstanding the plain language of Kentucky Civil Rule 15.03(2), the Kentucky circuit court repeatedly declined to dismiss the claims against the owner of the warehouse. During discovery, however, it was established that the matter in controversy exceeded $75,000. Accordingly, and because the lawsuit was between citizens of different states, the warehouse owner removed the case to federal court. After further discovery the federal court granted a motion for summary judgment on statute-of-limitations grounds. This appeal followed.

Upon consideration we conclude that the amendment naming the correct defendant did not relate back, under Kentucky law, to the date on which the original complaint was filed. We further conclude that the Kentucky Rules of Civil Procedure, not the Federal Rules of Civil Procedure, are

controlling; that the district court did not abuse its discretion in declining to adhere, under the "law of the case" doctrine, to the state court's erroneous rejection of the statute of limitations defense; that neither the doctrine of res judicata nor the doctrine of collateral estoppel has any application here; and that the district court did not err in rejecting a claim that the warehouse owner was estopped to assert its statute of limitations defense. The challenged judgment will be affirmed.

I

Moran Foods, Inc., a Missouri corporation, is a grocery distributor that owned and operated a warehouse on Palumbo Drive in Lexington, Kentucky. Moran Foods did business as "Save-A-Lot, Ltd.," and the Palumbo Drive facility was known as a Save-A-Lot warehouse.

Edmund Schneider, a resident of Wisconsin, was employed as a truck driver by a Wisconsin corporation called Dejno's Trucking Company. On June 15, 1997, while making a delivery at the warehouse, Mr. Schneider was injured by a fork-lift operated by a Moran Foods employee.

Pacific Employers Insurance Company, a Pennsylvania corporation based in Philadelphia, was Dejno's Trucking Company's workers compensation carrier. In the year following Mr. Schneider's accident, Pacific Employers paid Schneider more than $18,000 in workers compensation benefits.

At some point prior to June 15, 1998, Pacific Employers engaged a law firm in Covington, Kentucky, to sue the owner of the warehouse for recovery of the benefits Pacific Employers had paid Schneider. An associate of the law firm directed a paralegal to obtain a listing of entities named "Save-A-Lot" from the office of Kentucky's Secretary of State. The paralegal attempted to do so, and reported that the

477 U.S. 21, 30 (1986), and a newly-named defendant's failure to receive notice within the applicable limitations period – a one-year period in *Schiavone* – was there held to be "fatal." *Id.*

The Kentucky counterpart of Federal Rule 15(c) has not been amended to track the 1991 change in the latter rule. Rule 15.03(2) of the Kentucky Rules of Civil Procedure still provides that an amendment changing the party against whom a claim is asserted cannot relate back unless, among other things, the party to be brought in has received notice "within the period provided by law for commencing the action against him . . . ." And the Kentucky Supreme Court reads this language the same way the United States Supreme Court read the same language in *Schiavone*. See *Gailor v. Alsabi*, 990 S.W.2d 597, 601 (Ky. 1999), where, in reinstating a summary judgment in which the appellee plaintiff's action was held to have been barred by the statute of limitations, the Kentucky Supreme Court pointed out that "Appellee did not sue the proper defendant; and the proper defendant . . . could not have had notice within the period of limitations . . . ."[5]

In the case at bar, of course, Moran Foods would not have received notice within the period of limitations even if the notice given to Mr. Combs shortly after the running of the limitations period were to be imputed to Moran Foods. It follows *a fortiori* that Moran Foods could not have had notice

_____

[5] We are not unmindful that in *Halderman v. Sanderson Forklifts Co., Ltd.*, 818 S.W.2d 270, 272-273 (Ky. Ct. App. 1991), a case cited above, notice given by placing a summons in the mail on the last day of the limitations period was held to satisfy the notice requirement of Rule 15.03. But the *Halderman* decision, in addition to flouting the clear language of the rule, is inconsistent with the Kentucky Supreme Court's subsequent decision in *Gailor*. See also *Nolph v. Scott*, 725 S.W.2d 860, 862 (Ky. 1987), where, in a passage quoted with approval in *Gailor*, the Kentucky Supreme Court said that "knowledge of the proceedings against him *gained during the statutory period* must be attributed to the defendant." (Emphasis supplied.)

We do not disagree with the conclusion that the earlier notice to Mr. Combs could not be imputed to Moran Foods. We see no reason to dilate upon the imputed notice issue, however, because the outcome of the appeal will be the same regardless of whether the notice given Mr. Combs is imputed to Moran Foods.

Either way, as we see it, Moran Foods would have received timely notice if timeliness were subject to determination under the Federal Rules of Civil Procedure. As revised in 1991, the federal rules provide that an amendment changing the party against whom a claim is asserted shall relate back to the date of the original pleading (given compliance with conditions not at issue here) when

"*within the period provided by Rule 4(m) for service of the summons and complaint*, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Rule 15(c)(3), Fed. R. Civ. P. (emphasis supplied).

As noted above, Rule 4(m) provides for service of the summons and complaint within 120 days after the filing of the complaint. The date on which Moran Foods received actual notice of Mr. Schneider's action (June 29, 1998) was well within this 120-day window.

Prior to 1991 the Federal Rules imposed a more restrictive requirement. Under the earlier version of Rule 15(c), an amendment changing the defendant could not relate back unless the party to be brought in received notice "within the period provided by law for commencing the action . . . ." Notice within the period provided by law for commencing the action was "clearly required by Rule 15(c)," as the United States Supreme Court recognized in *Schiavone v. Fortune*,

only such entity was a partnership named "Sav-A-Lot of Winchester."[1]

After confirming this information with the Secretary of State's office on or about June 12, 1998, according to an affidavit subsequently filed in the Kentucky circuit court, the associate contacted Sav-A-Lot of Winchester – a grocery store located in Winchester, Kentucky – and asked if the warehouse on Palumbo Drive were part of their organization. The answer, according to the affidavit, was "yes." When Pacific Employers filed its subrogation action in the circuit court on June 15, therefore, the parties named as defendants were "Save-A-Lot of Winchester"[2] and each of three individuals identified in the Secretary of State's records as the entity's general partners.

One of the partners was Wendall Combs, a man who in due course would also execute an affidavit for filing in the Kentucky court. Mr. Combs' affidavit explained that although the partnership had operated several "Save-A-Lot" grocery stores in Kentucky, it had never operated the warehouse owned by Moran Foods on Palumbo Drive in Lexington.

Mr. Combs' deposition was taken in August of 1999, following removal of the case to federal court. Combs testified that the partnership had eventually been incorporated as WC&G, Incorporated; that WC&G had then been bought out by Paul D. Brown Foods, Inc. (d/b/a Save-A-Lot Food Stores), a Kentucky corporation; that Combs had become President of Paul D. Brown Foods in 1994; that Paul D. Brown Foods operated eight or ten grocery stores, including

---

[1]An "assumed named" certificate had been filed for Sav-A-Lot of Winchester as a Kentucky general partnership on October 26, 1988.

[2]The first word of the partnership's name was misspelled in the complaint; the listing with the Kentucky Secretary of State was "Sav-A-Lot of Winchester."

one in Winchester; that Paul D. Brown Foods was licensed to use the "Save-A-Lot" name by Moran Foods under a license agreement that obligated Paul D. Brown Foods to purchase 85 percent of its requirements from the licensor; that Moran Foods made deliveries to the individual grocery stores from inventories maintained at its warehouse on Palumbo Drive; that Paul D. Brown Foods had no control over the operation of the warehouse; and that neither Combs nor any employee of Paul D. Brown Foods was authorized to speak for Moran Foods. Mr. Combs' testimony on these matters stands unrefuted in the record.

Also unrefuted is Mr. Combs' account of the events that followed the filing of Pacific Employers' complaint on June 15, 1998. A copy of the complaint and a summons were sent to Mr. Combs by certified mail, addressed to a post office box in Irvine, Kentucky. The papers for the other defendants were mailed to the same post office box.[3] A Paul D. Brown Foods employee signed for these mailings at the post office and brought them to Mr. Combs. (Combs could not remember the date, but it was acknowledged at oral argument that he did not receive the papers until after June 15, the date on which the limitations period expired.)

Mr. Combs opened the mail, read the complaint, and realized, when he saw the reference to Palumbo Drive, that "it wasn't us." Placing a telephone call to the number given on the last page of the complaint, Mr. Combs explained the mistake to Pacific Employers' counsel. The latter's response, Mr. Combs testified, was, "Well, we must have the wrong person then." Mr. Combs threw away the papers without mentioning the matter to Moran Foods, and the claims against the original defendants were ultimately dismissed voluntarily.

---

[3] The business address of Paul D. Brown Foods, Mr. Combs testified, was Box 850, Irvine, Kentucky. The complaint filed by Pacific Employers gave the same post office box – Box 850 – as the address for the both the defendant partnership and the individual partners.

In the case at bar the district court was satisfied – with good reason – that the state court had made a mistake. As the district court pointed out, moreover, the state court had offered no rationale for its rejection of the statute of limitations defense. In addition, post-removal discovery – particularly the deposition of Mr. Combs – had brought the factual picture into sharper focus. Clearly, under these circumstances, the district court did not abuse its discretion in declining to apply the law-of-the-case doctrine.

As to res judicata, that doctrine prohibits parties from relitigating a claim that was or could have been raised in a prior action in which there has been a final judgment on the merits. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). Similarly, the doctrine of collateral estoppel prevents a party from relitigating factual issues resolved against it in a prior proceeding where there has been a final judgment on the merits. *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 981-82 (6th Cir. 2000). Here there was no final judgment on the merits. The doctrines of res judicata and collateral estoppel thus have no potential application in this case.

B

The more serious question is whether the amended complaint filed a week after the running of the statute of limitations related back to the date on which the original complaint was filed. Mr. Schneider cannot prevail on this issue without demonstrating timely receipt by Moran Foods of notice of the institution of the action.

The district court concluded, as we have seen, that the notice received by Mr. Combs shortly after the middle of June could not be imputed to Moran Foods. Notice of the institution of the action was not received by Moran Foods, under the district court's view, until June 29, 1998 – the date on which Moran Foods received the summons and copy of the amended complaint sent it by certified mail when the amended complaint was filed.

complaint, Schneider's intervening complaint is also time-barred."

In accordance with the district court's opinion an order was entered granting summary judgment to Moran Foods, dismissing the claims of both plaintiffs with prejudice, and striking the matter from the docket. Plaintiff Schneider has appealed; plaintiff Pacific Employers has not.

## II

## A

The first of the issues presented by Mr. Schneider for review is whether the district court erred in its application (or non-application) of the doctrines of res judicata, collateral estoppel, and "law of the case." This issue will not detain us long.

"Under the law of the case doctrine, a court is ordinarily precluded from reexaming an issue previously decided by the same court, or a higher court in the same case." *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998). The doctrine also has relevance to rulings made by state courts prior to removal. See *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 605 (7th Cir. 1987).

Where the ruling in question was not made by a higher court, the decision to reconsider the prior determination is subject to review under an "abuse of discretion" standard. See *Bowling*, 132 F.3d at 1150. And it is not an abuse of discretion to revisit a prior ruling that is found to be erroneous. See *Gillig v. Advanced Cardiovascular Systems, Inc.*, 67 F.3d 586, 590 (6th Cir. 1995) (citing Moore's Federal Practice ¶ 0.404[4.-2] (2d ed. 1994)). *Cf. Remington v. Central Pacific Railroad Co.*, 198 U.S. 95, 99-100 (1905) ("If the [federal] court was satisfied that it, or its predecessor the state court, had made a mistake, it had power to reopen the matter").

On June 22, 1998, the record shows, counsel for Pacific Employers filed an amended complaint naming Moran Foods as the owner and operator of the Palumbo Drive warehouse. The June 22 filing explained that the original complaint had "erroneously identified Save-A-Lot of Winchester, a general partnership, as the owner . . . ."

Served by certified mail on June 29, 1998, Moran Foods filed an answer on July 17. Mr. Schneider, the injured truck driver, subsequently moved for leave to file an intervening complaint seeking recovery of damages in an unspecified amount. Moran Foods opposed the motion on the ground that Schneider was asserting his claim outside the statutory limitations period. Without filing an opinion on the matter, the Kentucky circuit court entered an order permitting Mr. Schneider to intervene.

After the filing of the intervening complaint, Moran Foods moved for dismissal of Mr. Schneider's claims on the ground that Schneider had not sued until after the running of the statute of limitations. The circuit court overruled the motion, again without opinion.

Moran Foods then moved to dismiss Pacific Employers' claims on the ground that the amended complaint in which Moran Foods was first named as a defendant had not been filed until a week after the expiration of the limitations period. This motion too was denied without opinion.

In response to a written interrogatory concerning the amount he was seeking to recover, Mr. Schneider disclosed that he was claiming $200,000. In light of this information Moran Foods promptly removed the case to the United States District Court for the Eastern District of Kentucky.

Moran Foods subsequently obtained an affidavit in which the Supervisor of Corporate Records in the Office of Kentucky's Secretary of State attested that an assumed-named certificate for "Save-A-Lot, Ltd." had been filed on behalf of Moran Foods on July 24, 1992. The records of the Secretary

of State would have included this certificate as of June 12, 1998, the affiant stated. Copies of the affidavit and the transcript of the Combs deposition were incorporated in the motion for summary judgment that Moran Foods filed in the federal district court in September of 1999.

In August of 2000, following further discovery and briefing, the district court filed an opinion and order granting the motion for summary judgment. Acknowledging that the Kentucky Circuit Court had already rejected the statute of limitations defense, the district court elected to revisit the issue in light of the following: (a) the discretionary nature of the law-of-the-case doctrine; (b) the failure of the Kentucky court to provide any reasoning for its rulings; and (c) the results of the discovery conducted on the statute-of-limitations issue after removal of the case to federal court.

In considering whether the amended complaint related back to the complaint filed a week earlier, the district court quoted language in Rule 15(c)(3), Fed. R. Civ. P., that makes it a condition for application of the relation-back doctrine that "the party to be brought in by amendment . . . has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits . . . ."[4] We assume that the district court intended to quote the Kentucky rule; in any event, the opinion went on to say that the parties agreed that Kentucky law controlled the issue of whether, as Pacific Employers contended, "the ongoing business relationship and identity of interest between Sav-A-Lot of Winchester and Moran Foods are sufficient to impute notice of the action to Moran Foods." In this connection the

---

[4]Identical language is found in Rule 15.03 of the Kentucky Rules of Civil Procedure. Under the Kentucky rule, however, as indicated at the outset of this opinion, such notice must be received "within the period provided by law for commencing the action . . . ." Under the federal rule, by contrast, notice must be received "within the period provided by Rule 4(m) for service of the summons and complaint . . . ." The period provided by Rule 4(m) is 120 days after the filing of the complaint.

court quoted *Halderman v. Sanderson Forklifts Co.*, 818 S.W.2d 270, 273 (Ky. Ct. App. 1991), to the effect that where there is a sufficient identify of interest between the old and new defendants, the requirement of notice "is satisfied whenever the intended defendant receives notice, be it actual, informal, imputed, constructive, or a combination thereof, within the limitations period."

In the case at bar, the district court concluded, there was no identity of interest between the defunct partnership and Moran Foods. The nature of the relationship between the two entities, the court held, was not one under which notice to the former partners could be imputed to Moran Foods:

"Moran Foods does not have any ownership interest in Sav-A-Lot of Winchester, Save-A-Lot of Winchester, or Paul D. Brown Foods, and neither Combs nor Paul D. Brown Foods are lessees, agents, or subsidiaries of Moran Foods. Paul D. Brown Foods and Moran Foods do not share an identity of interest; rather, Paul D. Brown Foods and Moran Foods are separate and distinct corporate entities. The only relationship between Paul D. Brown Foods and Moran Foods arises out of a licensing agreement. The Court is unable to find a duty imposed upon Paul D. Brown Foods to notify Moran Foods of the lawsuit, especially where the action in no way involves the licensing agreement.

* * *

"The court finds that the relationship between Moran Foods and the original parties is insufficient to impute notice of the action to Moran Foods. Therefore, the amended complaint does not relate back to the original complaint. The amended complaint was filed on June 22, 1998, a week beyond the one-year statute of limitations. As Schneider argues that his intervening complaint relates back to the filing of Pacific Employers'