RENDERED: JULY 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1189-MR

VAN WEST                                                     APPELLANT

                         APPEAL FROM BOYD CIRCUIT COURT
v.                       HONORABLE JOHN F. VINCENT, JUDGE
                           ACTION NO. 19-CI-00597

OMRAN R. ABUL-KHOUDOUD, M.D.;
AND DAVID DOCKRAY, M.D.                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE: Appellant Van West (Mr. West) appeals from two separate orders of the Boyd Circuit Court. In the first of these, entered on August 13, 2021, the court granted summary judgment in favor of Appellee Omran R. Abul-Khoudoud, M.D. (Dr. Khoudoud) on Mr. West's medical negligence claim. In the second Order, entered on September 22, 2021, the court granted a motion to

dismiss filed on behalf of David Dockray, M.D. (Dr. Dockray) in that same case. We affirm the trial court's rulings as to both Appellees.

Doctors Khoudoud and Dockray were partners in a vascular surgery practice. On April 3, 2019, Mr. West was referred to Dr. Khoudoud by his family doctor. He presented with complaints of discoloration, numbness, and coldness in the lower left leg. Dr. Khoudoud ordered a CT scan which was then scheduled for April 16, 2019. However, Mr. West's sister became concerned about him and contacted the office numerous times to get the test expedited. On April 9, 2019, Mr. West presented to the emergency room. His leg was then amputated above the knee.

Mr. West filed suit alleging that Dr. Khoudoud was negligent, claiming that his treatment of Mr. West fell below the standard of care and that this negligence was a substantial factor in causing the amputation. In the regular course of that litigation, Dr. James Burks was disclosed as plaintiff's expert. He was deposed on February 5, 2021.

During that deposition, although Dr. Burks testified that he did not "know if this limb was salvageable from the beginning. I don't know, because there was never any imaging done[,]" he then concluded that any testimony that the limb was salvageable was "speculation."

Dr. Burks further conceded that, if Dr. Khoudoud was not on call in the days between his examination of Mr. West and the amputation, then it would be reasonable for Dr. Khoudoud to conclude that the doctor on call would handle any contacts from patients. It was not until after the deposition of Dr. Burks that a copy of the on-call schedule was produced to Mr. West's counsel. It showed that Dr. Dockray was the doctor on duty. Mr. West then filed a motion to amend his complaint to add Dr. Dockray as a defendant. That motion was granted by the trial court.

Thereafter, Dr. Khoudoud filed his motion for summary judgment. The motion was granted in a single-paragraph order in which the court found that Dr. Burks did not testify with reasonable medical probability that Dr. Khoudoud breached the standard of care. The court noted, "Indeed, the doctor testified that his opinion is based upon speculation."

Dr. Dockray filed his motion to dismiss, on the grounds that the statute of limitations had run. On September 15, 2021, a hearing was held, at which time, he argued that Mr. West's motion to amend his complaint was not filed until March 30, 2021, nearly two years beyond the one-year limitations period applicable to claims of professional negligence. He argued that, even if the "discovery rule" were applied to extend the limitations period, Mr. West actually "discovered" Dr. Dockray's potential involvement during Dr. Khoudoud's

deposition on December 13, 2019.  Although Mr. West admitted that Dr. Khoudoud did testify as to Dr. Dockray's status as the on-call physician, he argued that the statute of limitations should be extended to one year after February 28, 2021, the date his counsel was provided with a copy of the on-call schedule. However, the trial court found that Mr. West had knowledge of his on-call status as of December 18, 2019.  Therefore, because Mr. West did not commence his action against Dr. Dockray until March 30, 2021, his claim was time barred and dismissal was appropriate.  The court further concluded that the doctrine of relation back did not apply, since Mr. West was unable to meet the requirements of CR[1] 15.03(2). The within appeal followed.

## I.  DR. KHOUDOUD'S MOTION FOR SUMMARY JUDGMENT:

The standard for summary judgment is set forth in CR 56.  The trial court must view the evidence in the light most favorable to the non-moving party and award summary judgment only where there are no genuine issues of material fact that would make it possible for the non-moving party to prevail at trial.  The non-moving party has the duty to produce at least some affirmative evidence that there are such issues of fact.  In *Welch v. American Publishing Company*, 3 S.W.3d 724 (Ky. 1999), the Court wrote that "[t]he inquiry should be whether, from the evidence of record, facts exist which would make it possible for the non-moving

---

[1] Kentucky Rules of Civil Procedure.

party to prevail.  In the analysis, the focus should be on what is of record rather than what might be presented at trial."  *Id*. at 730.

"Appellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists. So we operate under a *de novo* standard of review with no need to defer to the trial court's decision."  *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 905 (Ky. 2013) (citations omitted).

As noted in *Sakler v. Anesthesiology Associates, P.S.C.*, 50 S.W.3d 210, 213 (Ky. App. 2001), there is ample authority that "the opinion of a medical expert must be based on reasonable medical probability and not speculation or possibility."  This is particularly significant where the party offering the expert is the party with the burden of proof.  *Id*.

More recently in *Ashland Hospital Corporation v. Lewis*, 581 S.W.3d 572 (Ky. 2019), where plaintiff identified a vascular surgeon as an expert witness, that surgeon testified that it was "impossible to tell" if the doctor's care was a substantial factor in causing the patient's injury.  On appeal, the Kentucky Supreme Court found that the expert testimony presented therein was not stated with reasonable medical probability and therefore was insufficient to demonstrate the existence of a genuine issue of material fact on the issue of causation.

Clearly, in this case, the trial court did not err in finding that the testimony of Dr. Burks, Mr. West's expert, failed to demonstrate causation within reasonable medical probability. He testified that, "*I don't know* if this limb was salvageable from the beginning." He stated that, "there was a point in time where *potentially* this amputation could have been prevented" and that, "*there may have been a window of opportunity to intervene and prevent the loss of limb*." (Emphasis added.) Such statements strongly support the trial court's conclusion that Dr. Burks did not testify within the realm of reasonable medical probability and, therefore, it committed no error in awarding summary judgment to Dr. Khoudoud.

## II. DR. DOCKRAY'S MOTION TO DISMISS:

A party may move for dismissal pursuant to CR 12.02(f) for failure to state a claim upon which relief may be granted. This is purely a question of law. *James v. Wilson*, 95 S.W.3d 875 (Ky. App. 2002). For purposes of this analysis, the facts of the complaint are admitted as true and are construed most favorably to the plaintiff. *Fox v. Grayson*, 317 S.W.3d 1 (Ky. 2010).

The application of the statute of limitations is a question of law and, as such, is reviewed *de novo*. *Ragland v. Digiuro*, 352 S.W.3d 908, 912 (Ky. App. 2010) (quoting *Cuppy v. Gen. Acc. Fire & Life Assur. Corp.*, 378 S.W.2d 629, 631

(Ky. 1964)). As this Court finds that the trial court properly applied the statute of limitations herein, we affirm.

Dr. Dockray's motion to dismiss noted that the one-year limitations period of KRS[2] 413.140(1)(e) lapsed one year from the date of the amputation (April 9, 2019). However, Mr. West argued that the "discovery rule" applied to extend the statute of limitations because he did not learn of Dr. Dockray's involvement until Dr. Burks' deposition on February 5, 2021. However, as recognized by the trial court, Mr. West actually learned of his involvement on December 13, 2019, the date of Dr. Khoudoud's deposition, at which time he testified that Dr. Dockray, nurse practitioners, and assistants were on call in the days following Mr. West's examination. Had he filed his motion to amend at that time, Mr. West could clearly have provided notice to Dr. Dockray within the limitations period and thus no consideration of the issue of relation back would have been necessary.

Nevertheless, Mr. West took no action for over a year, filing his motion to amend the complaint on March 30, 2021, based upon his assertion that he had no knowledge of Dr. Dockray's potential liability until he was provided with a copy of the on-call schedule.

CR 15.03 (1) states:

---

[2] Kentucky Revised Statutes.

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

However, to invoke this doctrine, Mr. West would also have to comply with CR 15.03(2). The Rule provides that:

> An amendment changing the party against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

As set forth above, Mr. West failed to file his motion to amend within one year of the date on which he learned that Dr. Dockray was potentially liable for his injuries. However, he also failed to demonstrate that Dr. Dockray had knowledge of this fact within the limitations period or that he had reason to know that but for some mistake, he would have been named as a party. Indeed, Mr. West's original complaint makes no mention of the calls made to the office after April 3, 2019. Although Dr. Dockray may well have learned within the limitations period that his partner had been sued, he would have no reason to know that he might face liability. Thus, based on either the discovery rule or the doctrine of relation back, there can be no relief for Mr. West's untimely amendment.

Based upon all the foregoing, the trial court did not err in granting summary judgment as to Dr. Khoudoud and an order granting the motion to dismiss as to Dr. Dockray.

ALL CONCUR.


BRIEF FOR APPELLANT:

Phillip D. Blair
Paintsville, Kentucky

BRIEF FOR APPELLEE OMRAN R. ABUL-KHOUDOUD, M.D.:

Joel L. Peschke
Loveland, Ohio

BRIEF FOR APPELLEE DAVID DOCKRAY, M.D.:

David F. Latherow
Ashland, Kentucky